PER CURIAM.
On Motion for Rehearing Granted
The tenant, appellee, filed an action for wrongful eviction in the trial court. The landlord, appellant, counterclaimed alleging that the landlord-tenant laws of chapter 83, Florida Statutes (1991) did not apply because the appellee was a transient occupant leasing under a temporary occupancy agreement. After a non-jury trial, final judgment was entered in the tenant’s favor. The court noted that there was a complete absence of justiciable issue of either law or fact in the counterclaim, and reserved jurisdiction to award attorney’s fees pursuant to section 57.105, Florida Statutes (1991).
Appellant moves for a rehearing claiming that it was error for the court to award attorney’s fees pursuant to section 83.48, Florida Statutes (1991), when the court only reserved jurisdiction in its final judgment to award fees pursuant to section 57.105, Florida Statutes (1991). Since the motion for attorney’s fees under chapter 83 of the Florida Statutes was filed two months after the final judgment was entered, the motion was untimely and the trial court lacked jurisdiction to impose the fee pursuant to section 83.48, Florida Statutes (1991). Stockman v. Downs, 573 So.2d 835 (Fla.1991).
Additionally, appellant correctly points out that in determining the amount of attorney’s fees to award, the trial court employed a contingency risk multiplier without making the requisite specific findings to support such application. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified on other grounds, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Atlantis Bldg. B Condominium Ass’n v. Skawski, 544 So.2d 1069, 1070 (Fla. 4th DCA 1989); Travelers Indemnity Co. v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987). However, when a case is so patently frivolous as to cause counsel to represent his or her client for a fee that is solely contingent upon a section 57.105 recovery, it cannot reasonably be treated as involving a risk that would support a multiplier. Transflorida Bank v. Miller, 576 So.2d 752, 753 (Fla. 4th DCA 1991). As a result, the trial court may not, on remand, apply a contingency risk multiplier in computing the section 57.105 attorney’s fees.
For the foregoing reasons, the order authorizing attorney’s fees, pursuant to chapter 83, is reversed; the award entered pursuant to section 57.105, Florida Statutes (1991) is vacated and remanded for further proceedings.
Appellant’s other points are without merit.
Reversed and vacated with directions.