979 So.2d 347 (2008)
The BANK OF NEW YORK, acting solely in its capacity as trustee for Equicredit Corporation Trust 2001-2, Appellant,
v.
Paulette WILLIAMS, et al., Appellees.
No. 1D07-2626.
District Court of Appeal of Florida, First District.
April 10, 2008.
Mitchell B. Rothman of Echevarria, Codilis & Stawiarski, Tampa; and John H. Dannecker, Eric C. Reed, David J. Markese, and Temple Fett Kearns of Shutts & Bowen, Orlando, for Appellant.
James A. Kowalski, Jr., Jacksonville, for Appellees.
PER CURIAM.
The Bank of New York, acting solely in its capacity as trustee for Equicredit Corporation Trust 2001-2, appeals an order awarding Paulette Williams, appellee, attorney's fees and costs following the dismissal with prejudice of the Bank's residential mortgage foreclosure complaint against Williams and others. The Bank argues that Williams was not entitled to an award of attorney's fees because she was not a prevailing party under section 57.105(7), Florida Statutes (2006); and that, even if Williams was entitled to attorney's fees, the trial court erred in using a multiplier in setting the fee award. We affirm.
The Bank's complaint and amended complaint were dismissed without prejudice on the ground that, because the Bank failed to show that it owned the mortgage and associated promissory note, the Bank lacked standing to institute the foreclosure action. When the Bank declined to file a second amended complaint, the trial court dismissed the amended complaint with prejudice. The Bank did not appeal this order, but instituted a new foreclosure action against Williams. The Bank argues that because the same factual and legal issues raised in the dismissed action are also the subject of the new litigation, Williams cannot be the prevailing party *348 under section 57.105(7).[1] We have expressly rejected the Bank's argument in the context of a plaintiff's voluntary dismissal without prejudice. State ex rel. Marsh v. Doran, 958 So.2d 1082 (Fla. 1st DCA 2007). There we explained:
We hold that a defendant is entitled to recover attorney's fees under section 68.086(3), which awards fees to the prevailing party, after the plaintiff takes a voluntary dismissal without prejudice. The refiling of the same suit after the voluntary dismissal does not alter the appellees' right to recover prevailing party attorney's fees incurred in defense of the first suit. Caufield v. Cantele, 837 So.2d 371 (Fla.2002); Alhambra Homeowners Ass'n, Inc. v. Asad, 943 So.2d 316 (Fla. 4th DCA 2006).
Id. Here, since the complaint was dismissed with prejudice, it is clear that Williams was the prevailing party. Rule 1.420(b), Florida Rule of Civil Procedure, provides that, in the case of an involuntary dismissal:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
Further, we find no abuse of discretion in the trial court's use of a multiplier of 2.5 in establishing the attorney's fees. In its order setting the attorney's fees, the trial court fully analyzed the factors under rule 4-1.5, Florida Rules of Professional Conduct, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); and made detailed findings of fact which are supported by competent substantial evidence in the unrebutted testimony of both Williams' counsel and her expert witness.
AFFIRMED.
WOLF, KAHN, and VAN NORTWICK, JJ., concur.
NOTES
[1] Section 57.105(7), Florida Statutes (2006) provides in pertinent part:

(7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.