ALTENBERND, Judge.
South Bay Lakes Homeowners Association, Inc., appeals an order denying its motion for attorney’s fees pursuant to section 57.105(1), Florida Statutes (2008). We conclude that the trial court abused its discretion in denying fees under the unusual circumstances of this case. Accordingly, we reverse and remand for an award of fees to be paid in equal amounts by Wells Fargo Bank, N.A., and its attorneys.
Kosta and Ljubica Jankovski obtained a loan, secured by a mortgage, to purchase a home in Hillsborough County in 2005. The documents in our record show the lender as Beazer Mortgage Corporation. Allegedly, the Jankovskis defaulted on the loan.
In March 2009, the Law Offices of David J. Stern, P.A., filed a mortgage foreclosure action on behalf of Wells Fargo, naming the Jankovskis and South Bay Lakes Homeowners Association as parties. The complaint alleged that Wells Fargo filed the action “by virtue of an assignment to be recorded.” As is common in recent foreclosure actions, the complaint con *1240 tained a second count to enforce a lost, destroyed, or stolen promissory note.
The complaint itself does not contain a legal description of the property on which Wells Fargo sought to foreclose. It alleges a recorded mortgage on January 18, 2006, and a modification on July 13, 2006. The mortgage identified the relevant property as Lot 6, Block 7, Valhalla Phase 3-4. The modification changed the description to Lot 60, Block 2, South Bay Lakes, Unit # 2. The notice of lis pendens that Wells Fargo recorded when it commenced this action identified the property it sought to foreclose as the original description and not the modified description. The property described in the modification is within South Bay Lakes Homeowners Association. However, the property described in the lis pendens and the original mortgage is not within the association.
The Jankovskis did not file a formal answer. Instead, they submitted a letter claiming that they disputed the amount owed and were trying to resolve the matter with America’s Servicing Company.
South Bay Lakes Homeowners Association filed an answer disputing that Wells Fargo had standing to bring the action, raising other defenses, and pointing out the confusion associated with the legal description. It also served the attorneys for Wells Fargo with requests for admission, asking the bank to admit that it did not have an assignment of the mortgage in its possession or recorded in Hillsborough County. One of the requests for an admission asked Wells Fargo to admit that it had no documentary evidence to show that it was an equitable owner of the note and mortgage. Wells Fargo did not respond to the requests for admission.
In May 2009, South Bay Lakes Homeowners Association filed a motion for summary judgment based on the admissions. At the same time, the attorney for the association filed an affidavit explaining that he had searched the public records and had not found an assignment of the mortgage. He also explained that the description on the lis pendens was not the encumbered property. Finally, the association served, but did not file, a motion for attorney’s fees pursuant to section 57.105 in order to give the bank an opportunity to resolve the matter within the statutory twenty-one-day period. The bank took no action.
On July 29, 2009, the attorney for the association attended the hearing on its motion for summary judgment. Wells Fargo made no appearance. Based on the admissions and the affidavit, the trial court entered a final judgment dismissing the entire action without leave to amend.
Thereafter, the association filed its motion for attorney’s fees and scheduled a hearing for November 2009. Wells Fargo sent a local attorney, who had not reviewed the file, to the hearing. He had “no idea” whether the legal description in the complaint had been inaccurate. The trial court denied the motion for fees, reasoning that some lender was entitled to file an action to foreclose on the parcel described in the modification and owned by the Jankovskis and that the action was, therefore, not one entitling the association to attorney’s fees. The association has appealed that order.
The issue in this case is not whether the owners would have been entitled to attorney’s fees. Instead, the issue is the association’s entitlement to fees. It is noteworthy, however, that the owners were the prevailing party in this action by virtue of the efforts of the association’s attorney. By contract, the owners would have been entitled to recover fees in this case if the prevailing attorney had been their attorney.
In this case, it is undisputed that Wells Fargo filed a foreclosure action *1241 without an assignment or other legal basis to file the action. Nothing in the record suggests that it or its attorneys took any steps to confirm that Wells Fargo had the legal right to file this action. It has relied on the association’s attorney to perform the legal research and public records examination that its own attorney should have performed before it filed the action.
We emphasize that a failure to respond to a request for admissions is not automatically grounds for attorney’s fees. In this case, however, the bank never attempted to explain why it admitted that it lacked standing, and there is no reason to believe that it had standing to bring the lawsuit. The bank also never sought to be relieved from its admissions and did not seek rehearing of the judgment that the trial court entered at a hearing it declined to attend.
At oral argument, the bank’s attorney tried to justify this improper filing due to the vast volume of foreclosure cases in the judicial system. While this court is well aware of the volume of these cases, that circumstance is not a matter that relieves the bank and its attorneys of their obligation to file pleadings that are adequately supported by a reasonable investigation prior to suit. If anything, the volume of these cases and the obvious detrimental effect that such volume has upon the legal system should be a factor requiring attorneys who file the actions to engage in a higher degree of professionalism.[1]
Section 57.105 entitles a party to attorney’s fees if the losing party, or the losing party’s attorney, knew or should have known that a claim was not supported by the material facts necessary to establish the claim when the party initially presented the claim to the court or at any time before trial. At a minimum, the association established a prima facie case that the bank or its attorneys knew or should have known that the bank had no standing to bring this lawsuit before the association served its motion for attorney’s fees. See, e.g., Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010) (“The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.”); Bank of New York v. Williams, 979 So.2d 347, 348 (Fla. 1st DCA 2008) (awarding the defendant attorney’s fees after dismissing a residential foreclosure complaint because the mortgagor failed to prove it owned the note and mortgage). If the bank or its attorneys had any evidence to refute this claim, they did not present that evidence at the hearing on the motion for attorney’s fees. The undisputed facts at the hearing established that Wells Fargo was required to take a voluntary dismissal of this action or some other appropriate action during the allotted twenty-one days and that it had no right to compel the association to proceed to judgment on the motion for summary judgment.
Although the trial court has discretion in awarding fees under section 57.105, we conclude that the trial court abused its discretion when it declined to award fees in these circumstances.
Reversed and remanded.
DAVIS and VTLLANTI, JJ., Concur.

. At oral argument, the bank’s attorney claimed for the first time that the association's attorney had not served the requests for admissions on the bank’s law firm and that the trial court had not properly served the judgment on the law firm. These unsworn allegations more than a year after the entry of the final judgment are outside the record and otherwise entirely improper.