DAVIS, Judge.
J.P. Morgan Mortgage Acquisition Corporation appeals the trial court’s order awarding Gideon Golden attorney’s fees following the dismissal of its foreclosure complaint. J.P. Morgan argues that Mr. Golden was not entitled to the fee award because the complaint was dismissed and that the trial court erred in applying a 2.5 multiplier to the fee award. We affirm.
J.P. Morgan filed its complaint seeking to foreclose the mortgage on Mr. Golden’s residence in Pinellas County. Mr. Golden did not initially respond to the complaint, and a default was entered. Six months after the entry of the default, Mr. Golden retained attorney Leslie Conklin to represent him in the foreclosure action. Mr. Golden and Mr. Conklin signed a fee agreement by which Mr. Conklin agreed to undertake the representation on a contingency basis. That is, Mr. Golden was not obligated to pay any fee, and Mr. Conklin would receive a fee only if he was able to defeat the complaint and was successful in obtaining a fee award from the court.
After successfully setting aside the default, Mr. Conklin filed an answer and affirmative defenses on Mr. Golden’s behalf. In that pleading, Mr. Conklin prayed for attorney’s fees pursuant to section 57.105(7), Florida Statutes (2008), and the prevailing party provision of the note and mortgage. The prayer also requested sanctions against J.P. Morgan. Mr. Conk-lin was successful in obtaining a dismissal *222 of the complaint on the grounds that J.P. Morgan had failed to give the proper notice of intent to foreclose as was required by the terms of the mortgage.[1]
Upon the dismissal of the complaint, the trial court determined that Mr. Golden was entitled to an award of his attorney’s fees and to the imposition of a sanction. The trial court set a hearing for the determination of the amount of the award. Prior to the hearing, Mr. Conklin filed his affidavit detailing his time records and alleging that his normal fee for such cases was $300 an hour.
At the hearing, J.P. Morgan objected to Mr. Conklin’s claims that he reasonably had expended fifty hours in the litigation and that he was entitled to the application of a multiplier as provided in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). Mr. Conklin testified as to both issues, and counsel for J.P. Morgan cross-examined him as to both, exploring whether some of the time entries were for matters reasonably required by the litigation. Counsel for J.P. Morgan also cross-examined Mr. Conklin as to the factors set forth in Quanstrom that should be considered when determining whether a multiplier — and more particularly a multiplier of 2.5 — should be applied to a fee award. See id. at 834.
Mr. Golden then presented expert witness David Levenreich, an attorney practicing in Pinellas County who does foreclosure defense representation. Mr. Levenreich testified that in his opinion Mr. Conklin’s fee of $300 per hour was reasonable, as was Mr. Conklin’s claim that he had expended fifty hours in the litigation. Mr. Levenreich further testified that Mr. Conklin was the only attorney in the area who would provide foreclosure defense representation on a contingency basis and that based on the Quanstrom factors, the 2.5 multiplier was appropriate. Counsel for J.P. Morgan cross-examined him on the Quan-strom factors, and the trial court took the matter under advisement.
Subsequently, the trial court issued its order finding that Mr. Conklin had reasonably expended fifty hours in providing the successful defense for Mr. Golden and that his hourly fee of $300 was reasonable. The court further found that the testimony presented supported the application of the 2.5 multiplier. The trial court ordered an attorney’s fee award of $37,500, half of which was to be paid by J.P. Morgan and half by its counsel. J.P. Morgan filed a motion for rehearing, objecting to the use of the multiplier and to the division of the fee award. The motion noted that Mr. Golden never pleaded for section 57.105(1) fees but rather only referenced section 57.105(7).[2] In response to the motion, the *223 trial court amended its order, awarding the same amount of fees but requiring that the entire fee be paid by J.P. Morgan.
On appeal, J.P. Morgan argues (1) that the trial court erred in awarding attorney’s fees pursuant to section 57.105(7) because Mr. Golden was not the prevailing party, (2) that the trial court erred in granting attorney’s fees without making the requisite findings of fact, and (3) that the trial court grossly abused its discretion in applying a 2.5 multiplier in this case. We affirm as to all three issues.
There was much discussion on the record and on appeal as to whether the trial court awarded the fees to Mr. Golden as the prevailing party or whether the fees were a sanction under section 57.105(1). Our review of the record indicates that Mr. Golden never asked for fees under subsection (1) of the statute, although he did ask for sanctions. The trial court’s initial order did suggest that the fees were awarded under that subsection in that J.P. Morgan’s attorney was ordered to pay half of the fees. Had the trial court not amended that order, it might be inferred that the trial court was entering such a fee award as a sanction on its own initiative, a procedure allowed by the statute. See § 57.105(1). However, when J.P. Morgan filed its motion for reconsideration pointing out that Mr. Golden had never sought fees under subsection (1), the trial court amended its order and placed total responsibility for the fee award on J.P. Morgan. Furthermore, the trial court did not make any findings that would suggest that the fees were based on section 57.105(1). On appeal, J.P. Morgan argues, and Mr. Golden concedes, that the award was not based on this subsection, and we agree.
The issue then becomes whether Mr. Golden is entitled to an award of his attorney’s fees under section 57.105(7) based on the provisions of the note and mortgage. The contract provisions provide that the mortgagee is entitled to its attorney’s fees upon prevailing in the action to enforce the note and mortgage. And section 57.105(7) provides that such contractual obligations must be read to be reciprocal. J.P. Morgan argues on appeal that Mr. Golden was not the prevailing party because the complaint was dismissed and could be filed again in a subsequent action. Specifically, J.P. Morgan maintains that there was not a determination made as to the merits of the lawsuit, only a dismissal for failure to comply with the conditions necessary to bring the suit. We do not agree.
“The refiling of the same suit after the voluntary dismissal does not alter the [mortgagor’s] right to recover prevailing party attorney’s fees incurred in defense of the first suit.” Bank of N.Y. v. Williams, 979 So.2d 347, 348 (Fla. 1st DCA 2008). As such, Mr. Golden, as the prevailing party in the instant case, is entitled to an award of attorney’s fees under the provisions of the note and mortgage.
J.P. Morgan attempts to distinguish Bank of New York, by pointing out that in that case the dismissal of the foreclosure complaint was based on a lack of standing while here J.P. Morgan’s complaint was dismissed for a failure to meet a condition precedent. We conclude that such is a distinction without a difference.
As to whether the trial court made the factual findings required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), we conclude that indeed the trial court did and that these findings are supported by competent, substantial evidence in the record. We therefore affirm as to this issue without further comment.
*224 Finally, we also affirm the trial court’s use of a 2.5 multiplier. In Quan-strom, the Florida Supreme Court set forth the requirements that must be shown to support the application of a multiplier and the situations that determine what degree of multiplier should be applied. 555 So.2d at 834. There is testimony in the instant record to support the trial court’s finding that the conditions necessary to justify a multiplier of 2.5 existed in this case. See id. (“[I]f the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.”). First, when Mr. Golden sought representation, he was divorced, out of work, and supporting three children. He had no ability to pay Mr. Conklin. Also, by the time he contacted Mr. Conklin, a default already had been entered and six months had passed. Because Mr. Golden did not have the ability to pay the mortgage and already had defaulted, it seemed unlikely that Mr. Conk-lin would have any way to succeed in defending Mr. Golden’s ownership rights. Furthermore, Mr. Golden’s expert witness testified that he knew of no other attorneys in the area who would undertake a mortgage foreclosure defense on such a contingency contract. These facts support the trial court’s findings that the Quan-strom requirements had been met.[3] We therefore affirm the application of the 2.5 multiplier. See Bank ofN.Y, 979 So.2d at 348.
Affirmed.
NORTHCUTT and WALLACE, JJ„ Concur.

. The confusion in this case arises from the fact that there were two mortgages on the subject property. J.P. Morgan did send a notice of intent to foreclose; however, it was in reference to the mortgage that was not contained in the complaint. The trial court determined that, as to the mortgage for which the complaint sought foreclosure, J.P. Morgan had not given the required notice and was thus barred from bringing the cause of action due to the failure to comply with a condition precedent.

. Section 57.105(1) provides for attorney’s fees to be awarded as a sanction where “the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial ... [w]as not supported by the material facts ... or ... [w]ould not be supported by the application of then-existing law." Such an award is to be paid “in equal amounts by the losing party and the losing party's attorney.” Id. Subsection (7) of the statute, on the other hand, provides that “[i]f a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow *223 reasonable attorney's fees to the other party when that party prevails.”

. We note that if the trial court had awarded the attorney’s fees as a sanction pursuant to section 57.105(1), the use of the multiplier would have been improper. See Swortz v. S. Rainbow Corp., 603 So.2d 107, 108 (Fla. 3d DCA 1992).