# Supreme Court of Florida

_____

No. SC17-1387
_____

**MARIE ANN GLASS,**
Petitioner,

vs.

**NATIONSTAR MORTGAGE, LLC, etc., et al.,**
Respondents.

January 4, 2019

QUINCE, J.

Marie Ann Glass seeks review of the decision of the Fourth District Court of Appeal in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), on the ground that it expressly and directly conflicts with *Bank of New York v. Williams*, 979 So. 2d 347 (Fla 1st DCA 2008), on the question of whether a voluntary dismissal provides a basis for being considered the prevailing party for the purpose of appellate attorney fees. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we quash the decision of the Fourth District.

**BACKGROUND**

On December 17, 2013, Nationstar Mortgage filed a verified complaint against Marie Ann Glass, pursuing an *in rem* action to foreclose a mortgage on real property in Broward County, Florida. The mortgage, a Home Equity Conversion Loan Agreement (commonly called a reverse mortgage), was prepared on November 16, 2007, and properly recorded. The complaint alleged that on March 18, 2013, the loan went into default due to non-payment of taxes and/or insurance on the property. Nationstar requested the full balance of the loan: $205,397.93, plus interest, escrow, title search expenses, and attorney's fees as defined in the loan agreement.

On May 22, 2014, Glass filed a motion to dismiss the verified complaint, arguing that it "fails to allege necessary 'approval by an authorized representative of the Secretary [of Housing and Urban Development],' " to declare a default of the loan. Glass then provided four reasons that the complaint should be dismissed. Last, Glass alleged that Nationstar attached the incorrect document to its pleading.

On June 26, 2014, the parties agreed to an order permitting Nationstar to amend its complaint by providing additional filings. Nationstar submitted the correct loan agreement on June 30, 2014. On July 16, 2014, Glass filed a motion to dismiss the amended complaint, making the same arguments as before and adding that Nationstar's amendment appended as an exhibit loan documents that

named Countrywide Bank as the lender and failed to allege or demonstrate that Nationstar was the proper holder of the note. On October 20, 2014, Nationstar responded to the motion to dismiss, arguing that it had met its legal duty in the complaint and requested attorney's fees pursuant to the terms of the note and mortgage.

On October 23, 2014, the trial court granted Glass's motion to dismiss without prejudice for Nationstar to file an amended pleading within 30 days. Nationstar filed its amended complaint on November 24, 2014. On December 4, 2014, Glass filed a motion to dismiss asserting that the amended complaint failed to correct any of its previous defects. On April 15, 2015, the trial court granted Glass's motion to dismiss with prejudice.[1] Glass sought attorney's fees pursuant to Florida Rule of Civil Procedure 1.525, the mortgage, and section 57.105(7), Florida Statutes (2014).

Nationstar filed a notice of appeal with the Fourth District Court of Appeal on November 30, 2015. Nationstar filed its initial brief on September 26, 2016, arguing, in part, that none of the arguments offered by Glass in her motions to dismiss had merit and "all of the possible grounds for the circuit court's order are

---

1. The trial court granted rehearing and struck the language, "having been afforded an opportunity to amend its pleading, Plaintiff has failed to do so" from the order and issued a revised order on November 5, 2015.

incorrect as a matter of law." After briefing, Nationstar filed a notice of voluntary dismissal on March 13, 2017. Glass filed a renewed motion for appellate attorney's fees based on section 57.105(7) and Nationstar's voluntary dismissal. The Fourth District issued an opinion denying Glass's motion, granted rehearing en banc, and issued a nearly identical opinion on rehearing en banc.

Glass sought the discretionary review of this Court.

## ANALYSIS

The issue presented in this case is a homeowner's entitlement to appellate attorney's fees pursuant to section 57.105(7), Florida Statutes, after a bank files a notice of voluntary dismissal in the district court of appeal. Below, the Fourth District found that Glass was not entitled to appellate attorney's fees because she prevailed on her standing argument presented in the trial court. Because our caselaw is clear that a voluntary dismissal of an appeal renders the opposing party the prevailing party for the purpose of appellate attorney fees and because Nationstar maintained its right to enforce the reverse mortgage contract in its appeal until the dismissal, we quash the decision below. Additionally, we write to address the mischaracterization of the procedural history of this case by the district court.

In relevant part, the Fourth District's opinion in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), held:

The Borrower prevailed in the circuit court based on her argument that the Lender lacked standing under the contract. On appeal, she argued that the court correctly dismissed the Lender's complaint for lack of standing. In a situation such as this, where a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract.

*Id.* at 898. Further, the Fourth District explained:

Simply put, to be entitled to fees pursuant to the reciprocity provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision. A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract.

*Id.* at 899. The Fourth District therefore denied Glass's motion for appellate attorney's fees. *Id.*

Nationstar did not seek review of the attorney's fees order in the district court. Instead, Nationstar appealed the dismissal order, stating in its Notice of Appeal, "[Nationstar] appeals to the Fourth District Court of Appeal the Order of this Court dated November 5, 2015 . . . . The nature of the order is a final order dismissing Plaintiff's case against Defendant with prejudice." Nationstar then voluntarily dismissed the appeal. The Fourth District denied Glass's motion for appellate attorney's fees based not on the voluntary dismissal on appeal but instead on the ancillary issue of her successful dismissal of the complaint at trial. *Nationstar Mortgage LLC v. Glass*, No. 4D15-4561 (Fla. 4th DCA Apr. 12, 2017).

On motion for rehearing en banc, the district court reiterated its prior opinion, stating, "We grant the Borrower's motion for rehearing en banc and, after en banc consideration, adopt the panel opinion as revised below." *Glass*, 219 So. 3d at 897.

In *Thornber v. City of Fort Walton Beach*, 568 So. 2d 914 (Fla. 1990), we held, "In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Id.* at 919 (citing *Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp.*, 493 So. 2d 1136 (Fla. 4th DCA 1986)). Accordingly, notwithstanding the issues with the lower court's dismissal, the Fourth District improperly denied Glass appellate attorney's fees based on Nationstar's voluntary dismissal of the appeal.

In its decision, instead of addressing the entitlement to appellate attorney's fees based on the voluntary dismissal, the Fourth District opined that section 57.105(7) precluded an award of attorney's fees because Glass prevailed in having Nationstar's complaint dismissed. The Fourth District's conclusion that Glass was not entitled to appellate attorney's fees after Nationstar voluntarily dismissed its appeal was predicated on Glass's argument in the trial court that Nationstar failed to adequately allege that it had standing to foreclose her mortgage. This reasoning both misstates the basis of the trial court's ruling on Glass's motion for dismissal and fails to address Glass's motion for appellate attorney's fees based on the voluntary dismissal.

In the trial court, Glass moved to dismiss the foreclosure action against her, arguing four bases for her motion. First, Glass alleged that Nationstar's complaint failed to allege any assignment from Countrywide and that Nationstar's status as holder of the note was insufficient. Second, Glass alleged that Nationstar failed to allege a breach of the contract because the contract provided that the lender would pay such property charges as loan advances. Third, Glass alleged that Nationstar failed to demonstrate that it had received approval from HUD to accelerate the loan, as required by the terms of the loan. Fourth, Glass alleged that the exhibits to the complaint contravened the finding that nonpayment of taxes is a default because there was sufficient equity remaining on the line of credit to fund taxes and insurance. The trial court granted the dismissal but did not provide any reasoning for its decision. It is, therefore, inaccurate to state that Glass was successful only for demonstrating that Nationstar lacked standing.

Further, the Fourth District stated, "On appeal, [Glass] argued that the court correctly dismissed the Lender's complaint for lack of standing." *Nationstar Mortgage*, 219 So. 3d at 898. This is not an accurate statement of Glass's argument. In her answer brief to the Fourth District, Glass asserted that the trial court properly dismissed the complaint based on defects in the amended complaint and re-asserted three of the four reasons she raised in her motion to dismiss: (1) failure to allege standing, (2) inappropriate remedy, and (3) failure to allege HUD

Secretary approval. Additionally, Glass argued that the trial court properly dismissed the complaint with prejudice after Nationstar failed to amend the defects in the complaint after the first dismissal.

The Fourth District's decision partly relies on the decision of the Third District Court of Appeal in *Bank of New York Mellon Trust Co. v. Fitzgerald*, 215 So. 3d 116 (Fla. 3d DCA 2017), wherein the district court held that because no contract existed between the bank and Fitzgerald, she could not invoke the reciprocity provisions of section 57.105(7). There are factual distinctions between *Fitzgerald* and *Glass*. Fitzgerald entered into a mortgage with Northstar and concurrently signed a promissory note made payable to Northstar that bore a special indorsement stating, "PAY TO THE ORDER OF JPMORGAN CHASE BANK, N.A., ITS SUCCESSORS AND/OR ASSIGNS WITHOUT RECOURSE." *Id.* at 117-18. The Bank of New York Mellon Trust Company filed an action against Fitzgerald seeking to foreclose the mortgage and attached a copy of the note and mortgage. Fitzgerald filed her answer and affirmative defenses, asserting that the bank lacked standing because the note was specially indorsed to an entity other than the bank and the bank was not the lawful assignee. The case proceeded to non-jury trial and the trial court entered a final judgment in favor of Fitzgerald after finding that Bank of New York Mellon Trust failed to establish assignment of the mortgage or transfer or any actual delivery of the note on the part of J.P.

Morgan Chase Bank. *Id.* at 118. This is unlike the present case where the trial court made no specific findings and Glass alleged that Nationstar failed to demonstrate a step in the transfer or assignment of the mortgage and note as one of four reasons the trial court should dismiss the complaint.

Below, Glass alleged, "The Complaint has an assignment from Bank of America to Plaintiff appended; however, the Complaint fails to allege the assignment of transfer from Countywide [sic] Bank, FSB to Bank of America." Additionally, she alleged, "The exhibits show Plaintiff lacks standing to assert the claims alleged as it is not the 'lender' under the reserve mortgage, the Amended Complaint (like the previous iteration) still fails to allege any assignment from the Lender and Plaintiff's status as 'holder' of the Note does not give Plaintiff standing as the Note is not a negotiable instrument." Even if the trial court's dismissal was based on lack of standing, it was not based on a finding that Nationstar did not hold the note but on a finding that Nationstar's complaint was legally insufficient for failure to properly demonstrate the chain of title.

In *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), we explained:

> At the outset, we note that some of the decisions of this Court contain the historically incorrect statement that attorney fee statutes are "in derogation of the common law." At the time of the American Revolution, the English court generally awarded attorney fees to the prevailing party in all civil litigation. By its decisions, however, this Court, along with the majority of other jurisdiction in this country,

refused to accept the "English Rule" that attorney fees are part of the costs to be charged by a taxing master, adopting instead the "American Rule" that attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties. . . . This state has recognized a limited exception to this general American Rule in situations involving inequitable conduct.

*Id.* at 1147-48 (footnote and citations omitted).  Further, we have stated, "It is well-settled that attorneys' fees can derive only from either a statutory basis or an agreement between the parties." *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993)).  And finally, "where a motion for attorney's fees is based on a prevailing-party provision of a document, the fact that a contract never existed precludes an award of attorney's fees." *David v. Richman*, 568 So. 2d 922, 924 (Fla. 1990).

Our caselaw is clear that a party is precluded from claiming attorney's fees under a contract that has been found to have never existed.  *See id.*  However, we have also held "that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable." *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989).  We explained:

The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist.  It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract.  This analysis does no violence to

- 10 -

our recent opinion in *Gibson v. Courtois* [539 So. 2d 459 (Fla. 1989)] in which we held that the prevailing party is not entitled to collect attorney's fees under a provision in the document which would have formed the contract where the court finds that the contract *never* existed.

*Katz*, 546 So. 2d at 1049.

In the instant case, a reverse mortgage contract clearly existed between Glass and Countrywide Mortgage Company, which was assigned from its successor in interest, Bank of America, to Nationstar Mortgage.[2] Even if we assume that Glass prevailed on her standing argument, the contract was merely unenforceable by Nationstar because it failed to demonstrate that it was the rightful successor in interest. We therefore conclude that, had the issue been presented as an issue on appeal to the Fourth District, Glass would be entitled to attorney's fees at the trial level.

**CONCLUSION**

For the foregoing reasons, we quash the decision of the Fourth District in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), and approve the decision in *Bank of New York v. Williams*, 979 So. 2d 347 (Fla 1st

---

2. Bank of America purchased Countrywide Financial Corporation on July 1, 2008. *See* Press Release, Bank of America Completes Countrywide Financial Purchase (July 1, 2008), *available at* http://investor.bankofamerica.com/phoenix.zhtml?c=71595&p=irol-newsArticle&ID=1171009#fbid=eZ2TlYp6FgM.

- 11 -

DCA 2008), on the question of whether a voluntary dismissal provides a basis for being considered the prevailing party for the purpose of appellate attorney fees.

It is so ordered.

PARIENTE, LEWIS, and LABARGA, JJ., concur.
POLSTON, J., dissents with an opinion, in which CANADY, C.J., and LAWSON, J., concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

POLSTON, J., dissenting.

This Court does not have the constitutional authority to review this case because the Fourth District Court of Appeal's decision in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), does not expressly and directly conflict with the First District Court of Appeal's decision in *Bank of New York v. Williams*, 979 So. 2d 347 (Fla. 1st DCA 2008), on the same question of law. Therefore, I respectfully dissent.

In *Glass*, 219 So. 3d at 898, the Fourth District explained that, to be entitled to attorney's fees under section 57.105(7), Florida Statutes, two requirements must be met: "First, the party must have prevailed. Second, the party had to be a party to the contract containing the fee provision." Then, the Fourth District proceeded to discuss the legal issue at hand, which involved the second requirement of whether the party was a party to the contract. *Id.* at 898-99. The Fourth District explained that, "[s]imply put, to be entitled to fees pursuant to the reciprocity

- 12 -

provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision." *Id.* at 899. Thus, the Fourth District held that, "[i]n a situation such as this, where a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract." *Id.* at 898.

In contrast, in granting a motion for attorney's fees, the First District in *Williams* only addressed the first requirement of section 57.105(7). Specifically, the First District addressed the Bank of New York's argument "that Williams was not entitled to an award of attorney's fees because she was not a prevailing party under section 57.105(7)." *Williams*, 979 So. 2d at 347. The Bank of New York contended "that because the same factual and legal issues raised in the dismissed action are also the subject of the new litigation, Williams cannot be the prevailing party under section 57.105(7)." *Id.* at 347-48. The First District disagreed, holding that "[t]he refiling of the same suit after the voluntary dismissal does not alter the appellees' right to recover prevailing party attorney's fees incurred in defense of the first suit." *Id.* at 348 (quoting *State ex rel. Marsh v. Doran*, 958 So. 2d 1082, 1082 (Fla. 1st DCA 2007)). The First District stated that, "since the complaint was dismissed with prejudice, it is clear that Williams was the prevailing party." *Id.*

Accordingly, because *Glass* involved the second requirement of section 57.105(7) while *Williams* involved the first, the two cases do not expressly and directly conflict on the same question of law. Therefore, I respectfully dissent.

CANADY, C.J., and LAWSON, J., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fourth District - Case No. 4D15-4561

(Broward County)

F. Malcolm Cunningham, Jr. and Amy L. Fischer of The Cunningham Law Firm, P.A., West Palm Beach, Florida,

for Petitioner

Marc James Ayers of Bradley Arant Boult Cummings LLP, Birmingham, Alabama,

for Respondent

Nicholas A. Vidoni of Watson, Soileau, DeLeo & Burgett, P.A., Cocoa, FL; and Beau Bowin of Bowin Law Group, Melbourne, Florida,

for Amicus Curiae Brevard County Legal Aid, Inc.

Michael Wrubel of Michael Jay Wrubel, P.A., Davie, Florida,

for Amicus Curiae Jerry Warren and Michael Jay Wrubel, P.A.

Brian K. Korte of Korte & Wortman, P.A., West Palm Beach, Florida,

for Amicus Curiae Korte & Wortman, P.A.

Peter Ticktin, Jamie Alan Sasson, and Kendrick Almaguer of The Ticktin Law Group, P.L.L.C., Deerfield Beach, Florida,

for Amicus Curiae The Ticktin Law Group, P.L.L.C.

Mandy L. Mills and Matt Bayard of Legal Services of Greater Miami, Inc., Miami, Florida; Lynn Drysdale of Jacksonville Area Legal Aid, Inc., Jacksonville, Florida; and Alice M. Vickers of Florida Alliance for Consumer Protection, Inc., Tallahassee, Florida,

for Amici Curiae Florida Legal Aid and Legal Services Consumer Group, Legal Services of Greater Miami, Inc., Jacksonville Area Legal Aid, Inc., and Florida Alliance for Consumer Protection, Inc.

Geoffrey E. Sherman, Jacquelyn Trask, Yanina Zilberman, and Roy D. Oppenheim of Oppenheim Pilelsky, P.A., Weston, Florida; and Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, Florida,

for Amicus Curiae Frederick and Janelle Sabido and Oppenheim Pilelsky, P.A.

Robert R. Edwards of Choice Legal Group, P.A., Fort Lauderdale, Florida; David Rosenberg of Robertson, Anschutz & Schneid, P.L., Boca Raton, Florida; Marissa M. Yaker of Padgett Law Group, Tallahassee, Florida; and Andrea R. Tromberg of Tromberg Law Group, P.A, Boca Raton, Florida,

for Amicus Curiae American Legal and Financial Network