DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGETOWN COMMUNITY ASSOCIATION, INC.,**
Appellant,

v.

**STEVE ELIE, WILLIAMSON RENE, MASELAH SURMATY,** et al.,
Appellees.

No. 4D2024-1632

[August 27, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO20012502.

Jacob Bair of BLG Association Law, PLLC, Tampa, for appellant.

Kenzie N. Sadlak of Kenzie N. Sadlak, P.A., Miami, for appellees Williamson Rene and Maselah Surmaty.

GROSS, J.

Georgetown Condominium Association (the "Association") appeals a nonfinal order denying its motion to vacate a prior order granting relief under Florida Rule of Civil Procedure 1.540(b). Because the order on appeal is a nonfinal, nonappealable order, we dismiss this appeal for lack of jurisdiction.

### Background

The Association sued a homeowner to foreclose a lien for unpaid assessments. Appellee Williamson Rene was also named as a defendant in the lawsuit on the basis that he might claim an interest in the property due to a money judgment he held against the homeowner.

The Association obtained a final judgment of foreclosure. Appellee Maselah Surmaty then purchased the property at a foreclosure sale.

Rene filed a verified motion under Rule 1.540(b) to vacate the final judgment and quash service of process, arguing that the final judgment

was void because he was not properly served.  Similarly, Surmaty moved under rule 1.540(b) to set aside the foreclosure sale, vacate the certificate of title, and direct the clerk to return his funds.

In October 2023, the trial court granted the motions to vacate the final judgment, quash service of process, and set aside the foreclosure sale.  The court found that the Association had "stipulated that the Defendant, Williamson Rene, was not served properly and that the final judgment is void as to this Defendant."

The Association did not appeal the trial court's October 2023 order.

Instead, in December 2023, the Association moved to vacate the October 2023 order, claiming that it was "void" because "the Motions are not verified or accompanied by affidavits[,] and no evidentiary hearing was held to determine whether service was proper[.]"

In June 2024, the trial court denied the Association's motion to vacate the October 2023 order.  The Association appealed.

### *Legal Discussion*

"Jurisdiction of the court under this rule must be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed[.]"  Fla. R. App. P. 9.110(b).

Florida Rule of Appellate Procedure 9.130(a)(5) provides that "[o]rders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule."  However, this rule also states that "[m]otions for rehearing directed to these orders are not authorized under these rules and will not toll the time for filing a notice of appeal."  Fla. R. App. P. 9.130(a)(5).

Here, we lack jurisdiction over this appeal because the Association's notice of appeal was not timely filed within 30 days of rendition of the October 2023 order granting relief under Florida Rule of Civil Procedure 1.540(b).  The Association's "motion to vacate" was in substance a motion for rehearing or reconsideration, which did not toll the time for filing a notice of appeal of the October 2023 order granting the rule 1.540(b) motion.

Contrary to the Association's suggestion, the Association's motion to vacate was not itself a rule 1.540(b) motion, as it was not a motion seeking relief from a "*final* judgment, decree, order, or proceeding" within the

2

meaning of rule 1.540. *See Hialeah Hotel, Inc. v. Woods*, 778 So.2d 314, 315 (Fla. 3d DCA 2000) ("Rule 1.540 applies only to final judgments, not to interlocutory orders."). The October 2023 order was nonfinal in that it vacated the underlying final judgment and allowed the litigation to continue. *See New Day Miami, LLC v. Beach Devs., LLC*, 225 So. 3d 372, 375 n.6 (Fla. 3d DCA 2017) (explaining that an order granting a rule 1.540(b) motion is nonfinal "if it vacates a judgment, i.e., the adjudication of the parties' dispute continues").

In sum, the June 2024 order appealed here is an order denying a motion for reconsideration of a previous order granting a rule 1.540(b) motion, which was not timely appealed. Therefore, the June 2024 order on appeal is a nonfinal, nonappealable order. *See Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) ("An untimely appeal cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of the more recent order.").

### *The Appellees' Motion for Attorney's Fees*

Rene and Surmaty move for appellate attorney's fees on the following grounds:

> By operation of Fla. Stat. § 702 [sic], et seq., § 720.3085, and § 720.305, Appellees are entitled to recover attorney's fees under a statute awarding fees to the prevailing party setting aside a foreclosure decree in litigation. *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163 (Fla. 4th DCA 2011). Fla. Stat. § 59.46 includes a payment of attorney's fees to the prevailing party on appeal as well.

None of the cited authorities authorize an award of attorney's fees to Rene and Surmaty.

Section 720.3085(1)(c), Florida Statutes (2024), states in relevant part: "The association is entitled to recover its reasonable attorney's fees incurred in an action to foreclose a lien or an action to recover a money judgment for unpaid assessments."

Section 720.305(1), Florida Statutes (2024), states in relevant part:

> (1) Each member and the member's tenants, guests, and invitees, and each association, are governed by, and must comply with, this chapter, the governing documents of the

3

community, and the rules of the association. Actions at law or in equity, or both, to redress alleged failure or refusal to comply with these provisions may be brought by the association or by any member against:

(a) The association;

(b) A member;

(c) Any director or officer of an association who willfully and knowingly fails to comply with these provisions; and

(d) Any tenants, guests, or invitees occupying a parcel or using the common areas.

The prevailing party in any such litigation is entitled to recover reasonable attorney fees and costs. . . .

Rene and Surmaty have not cited to any provision in Chapter 720 that authorizes an award of fees to them. Neither party was sued as a member of the Association (nor as a tenant, guest, or invitee) for an alleged failure or refusal to comply with Chapter 720 or the Association's governing documents. Instead, Rene was a nominal defendant to the foreclosure action, sued only as a party with a potential interest in the property due to his status as a judgment creditor of the principal defendant. And Surmaty was not a named defendant at all—he was a third-party purchaser at a foreclosure sale.

The fee provisions in section 720.3085 and section 720.305(1) do not authorize an award of fees to Rene or Surmaty on these facts. And section 59.46 does not apply because no underlying statute or contract provides Rene or Surmaty with a right to prevailing-party attorney's fees.

The movants' reliance on *Nudel* is misplaced. *Nudel* involved a mortgage foreclosure action where the prevailing borrower was entitled to an award of attorney's fees pursuant to a contractual provision. 60 So. 3d at 1164. By contrast, the movants here have not cited any contractual provision authorizing an award of fees to them.

### *Conclusion*

For these reasons, we dismiss the appeal and deny appellees' motion for attorney's fees.

4

*Dismissed.*

KUNTZ, C.J., and ARTAU, J., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***