DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CYNTHIA J. RENNICK** and **MANSON H. RENNICK,**
Appellants,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,** d/b/a **CHRISTIANA TRUST,** not individually, but as trustee for **PRETIUM MORTGAGE ACQUISITION TRUST,**
Appellee.

No. 4D17-2538

[July 3, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502011CA016893XXXXMB.

Peter Ticktin, Brittani S. Gross, Kendrick Almaguer, Thomas Eross, Jr., and Michael Vater of The Ticktin Law Group, Deerfield Beach, for appellants.

Richard S. McIver of Kass Shuler, P.A., Tampa, for appellee.

***ON MOTION FOR WRITTEN OPINION AND REHEARING EN BANC***

PER CURIAM.

We withdraw our prior opinion and substitute the following in its place.

Appellant borrowers challenge the denial of their motion for attorney's fees after the trial court granted their motion for involuntary dismissal of the foreclosure action against their property. The court found that, while the initial plaintiff had standing at the time suit was filed, appellee as substituted plaintiff did not prove that it had standing based on the dates of the assignments of mortgage. Because appellee had no standing to enforce the note and mortgage, appellants were not entitled to enforce the fee provisions in those documents through the reciprocity of section 57.105(7), Florida Statutes (2016). Based upon *Deutsche Bank Trust Co. Americas as Trustee Rali 2006-QS6 v. Page, et al.*, 2019 WL 2439901(Fla.

4th DCA June 12, 2019) (en banc), and *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), we affirm.

As stated in *Glass*, "to be entitled to fees pursuant to the reciprocity provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision." *Glass*, 219 So. 3d at 899. Similarly, in *Page*, we said, "The borrower cannot have it both ways. If the borrower prevails on its 'lack of standing' defense, it cannot rely on the contract to obtain attorney's fees." *Page*, at 2 (footnote omitted).

Here, appellants sought fees against appellee, which did not have standing to enforce the contract. For purposes of the motion for attorney's fees, appellants cannot enforce through reciprocity the attorney's fees provision of a contract that the court determined could not be enforced by the appellees.

Appellants contend that they also prevailed because the trial court found that the appellee had failed to prove the date of default. But that is irrelevant as to their entitlement to attorney's fees where the court determined that the note and mortgage could not be enforced.

In *Page*, we stated our simple holding: "NO STANDING = NO ATTORNEY'S FEES." *Id.* That holding applies to this case also. As we did in *Page*, we certify conflict with *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134 (Fla. 5th DCA 2017), and *Harris v. Bank of New York Mellon*, 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018).

Finally, we note that in their motion to tax costs and attorney's fees, the borrowers also requested costs as the prevailing party. In its order denying their motion, the court properly noted that the denial was without prejudice to the borrowers being able to recover their taxable costs. The basis for costs is separate from the contractual provision for attorney's fees. *See* Fla. R. Civ. P. 1.420(d) (providing that costs in any dismissed action "shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs"); *see In re Estate of O'Connell*, 725 So. 2d 385, 385 (Fla. 4th DCA 1998) (concluding trial court was required to assess costs in favor of defendant based on dismissal of action against them under rule 1.420(d)); *see Glass*, 219 So. 3d at 897 (denying borrower's motion for appellate attorney's fees on the merits, but denying motion for costs without prejudice to the borrower to seek taxable costs in the appropriate court).

LEVINE, C.J., WARNER and TAYLOR, JJ., concur.