ON MOTION FOR REHEARING EN BANC

Kuntz, J.
We grant the Borrower’s motion for rehearing en banc and, after en banc consideration, adopt the panel opinion as revised below.
The Lender appealed the court’s dismissal with prejudice of its amended foreclosure complaint. The Borrower timely filed a motion for appellate attorney’s fees and costs stating that she is entitled to her attorney’s fees and costs based upon a provision in the mortgage and the reciprocity provisions of section 57.105(7), Florida Statutes. We deny the motion for attorney’s fees on the merits, and deny the motion for costs without prejudice to seek any taxable costs in the appropriate court.
With regard to her request for attorney’s fees, it is well established that Florida follows the “American Rule”; thus, attorney’s fees may only be awarded when authorized by contract or statute. TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 614 (Fla. 1995) (Wells, J., concurring in part) (“There is a long-standing adherence in Florida law to the ‘American Rule’ that attorney fees may be awarded by a court only when authorized by statute or agreement of the parties.”).
Here, the Borrower relies upon section 57.105(7),' Florida Statutes (2016), in support of her motion. This section pro *898 vides that a contractual fee provision is to be applied to, the benefit of both parties even if the fee provision, as written, is one-sided. HFC Collection Ctr., Inc. v. Alexander, 190 So.3d 1114, 1116 (Fla. 5th DCA 2016). However, because the statute is in derogation of the common law, it must be strictly construed. Sand Lake Hills Homeowners Ass’n, Inc. v. Busch, 210 So.3d 706, 709 (Fla. 5th DCA 2017) (citing Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla. 2003)). The plain language of section 57.105(7) has two requirements. First, the party must have prevailed. Second, the party had to be a party to the contract containing the fee provision.
The Borrower prevailed in the circuit court based on her argument that the Lender lacked standing under the contract. On appeal, she argued that the court correctly dismissed the Lender’s complaint for lack of standing. In a situation such as this, where a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract. We acknowledge that the result is different when the plaintiff was also the originating lender. Nudel v. Flagstar Bank, FSB, 60 So.3d 1163, 1165 (Fla. 4th DCA 2011) (“[The originating lender] may not' seek affirmative relief under the mortgage and then take the position that provisions of the mortgage do not apply to it.”). In that situation, the lender was a party to the contract at issue.
The Third District recently addressed this issue in Bank of New York Mellon Trust Co., N.A. v. Fitzgerald, 215 So.3d 116 (Fla. 3d DCA 2017). In Fitzgerald, following a non-jury trial, the trial court' entered a final judgment in favor of the borrower after concluding that the bank failed to establish standing. Id. at 118. Relying on Alexander, the Third District held that, “[b]ecause the trial court found no contract existed between the parties, which would entitle one to recover attorney’s fees in the first place, there [was] no basis to invoke the compelled mutuality provisions of section 57.105(7).” Id. at 121 (citing Alexander, 190 So.3d at 1117) (internal quotations omitted). Therefore, the Third District concluded that the circuit court, erred in awarding fees “based on a non-existent contract between the parties.” Id.
Alexander relied in part on this court’s opinion in Florida Medical Center, Inc. v. McCoy, 657 So.2d 1248, 1252 (Fla. 4th DCA 1995), where we held that if there is n'o contract between the parties, “there is no basis to invoke the compelled mutuality provisions” of the statute. The Fifth District also recehtly held that “a stranger to the contract cannot recover attorney’s fees based on the contract.” Busch, 210 So.3d at 709.
In foreclosure lawsuits, the Florida cout’ts require the lender to establish standing to bring suit at the time the lawsuit was filed. McLean v. JP Morgan Chase Bank Nat. Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012) (“[A] party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact.”); see also Corrigan v. Bank of Am., N.A., 189 So.3d 187, 190 (Fla. 2d DCA 2016) (en banc); Rincon v. Bank of Am., N.A., 206 So.3d 793, 795 (Fla. 3d DCA 2016); Kiefert v. Nationstar Mortg., LLC, 153 So.3d 351, 352 (Fla. 1st DCA 2014); Green v. JPMorgan Chase Bank, N.A., 109 So.3d 1285, 1288 (Fla. 5th DCA 2013). Thus, where the foreclosing plaintiff does not establish its right to enforce the mortgage note at the time of the filing of the suit, there is no ability to enforce the terms of the note, including the provision regarding attorney’s fees.
*899 Simply put, to be entitled to fees pursuant to the reciprocity provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision. A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract. Therefore, the motion for appellate attorney’s fees is denied.
We also deny the borrower’s request for appellate costs .without prejudice as a request for costs is not properly presented to the appellate court. Fla. R. App. P. 9.400(a) (“Costs shall be taxed by the lower tribunal on a motion served no later than 45 days after rendition of the court’s order.”). We make no determination that there are, or are not, any costs to be taxed should such a motion be timely filed in the circuit court.

Motion for attorney’s fees and costs denied.

Ciklin, C.J., Warner, Gross, Taylor, May, Damoorgian, Gerber, Levine, Conner, Forst and Klingensmith, JJ., concur.