EDWARDS, J.
Joe and Melissa Madl appeal the final judgment of foreclosure entered in favor of Appellee, Wells Fargo Bank, N.A., as Trustee under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp, Mortgage Pass-Through Certificates, Series 2005-2. Appellants correctly assert that Wells Fargo failed to prove that it had standing and that it gave Appellants the required notice of default. Accordingly, we reverse and remand for the trial court to enter an order of involuntary dismissal. We also grant Appellants' motion for appellate attorney's fees.
Melissa Madl executed a note and both Appellants executed a mortgage in 2005 in favor of Impac Funding Corporation. In 2006, Impac assigned the mortgage to Wells Fargo. Also in 2006, Wells Fargo filed a foreclosure action against Appellants on the subject note and mortgage, but it then voluntarily dismissed that case in 2007. Following that dismissal, Deutsche Bank National Trust filed a foreclosure action against Appellants regarding the same note and mortgage; that case was voluntarily dismissed in 2009.
Wells Fargo initiated the instant foreclosure action in April 2009, claiming in its complaint that it was the owner and holder of the note and that it had complied with all conditions precedent to foreclosing Appellants' mortgage.[1] The copy of the promissory note attached to Wells Fargo's complaint was payable to Impac and there were no indorsements or allonges attached. The trial court denied Appellants' motion to dismiss the complaint based on a lack of standing. In their answer, Appellants raised lack of standing and the failure to comply with the notice provisions of *1136 paragraph 22 of the mortgage, along with other defenses.
In an effort to establish standing, Wells Fargo moved into evidence the purported original promissory note that contained an undated blank indorsement allegedly signed by Impac.[2] Wells Fargo's witness, Mr. Handville, an employee of Ocwen Loan Servicing, testified that he did not know when the indorsement was made, and he agreed that the copy of the promissory note attached to the complaint lacked any indorsement. Wells Fargo also introduced into evidence, over objection, an unsigned copy of a pooling and servicing agreement ("PSA") in an effort to prove that Appellants' loan was included in the trust it oversaw. The PSA had no official seal, was not separately authenticated, and had merely been copied from the Security and Exchange Commission's website.
Mr. Handville also testified about whether proper notification of default and acceleration had been given to Appellants. He said that Ocwen was the current servicer of the mortgage but that GMAC Mortgage had been the servicer at the time the required default notice should have been sent. According to Mr. Handville, from what he had been told, GMAC typically sent relevant information to a third-party vendor who was supposed to prepare and mail the default letters. He could not testify that GMAC actually transmitted the default notice data to the third-party vendor, that the third-party vendor received the data, or that the third-party vendor actually prepared or mailed the default notice to Appellants. He assumed, based on his interpretation of GMAC's computerized comment documents, that the notice had been sent; however, he admitted they were in a format that was unfamiliar to him. The trial court denied Appellants' motion for involuntary dismissal as well as their post-judgment motion for rehearing. The trial court also entered judgment in favor of Wells Fargo.
While it should be clear to all, it apparently bears repeating that the party seeking to foreclose a mortgage must have standing at the time the complaint is filed. See Rodriguez v. Wells Fargo Bank, N.A. , 178 So.3d 62, 63 (Fla. 4th DCA 2015). Where the plaintiff relies on an undated indorsement to establish its standing, it must prove that the indorsement was made prior to the filing of the complaint and that the indorsed note was in the plaintiff's possession at the time the suit was filed. See McLean v. JP Morgan Chase Bank Nat'l Ass'n , 79 So.3d 170, 174 (Fla. 4th DCA 2012). Commonly, plaintiffs prove this fact by attaching a copy of the note bearing the undated indorsement to the complaint. See Ortiz v. PNC Bank, Nat'l Ass'n , 188 So.3d 923, 925 (Fla. 4th DCA 2016). However, in this case, the copy of the note Wells Fargo attached to its complaint lacked the indorsement found on the original note admitted into evidence; therefore, the copy does not prove standing at the time suit was filed. See Friedle v. Bank of N.Y. Mellon , 226 So.3d 976, 978-79 (Fla. 4th DCA 2017). Another way to prove when an indorsement was placed on a note is through testimony, but Wells Fargo's witness admitted he had no knowledge of when that indorsement was made. Furthermore, on cross-examination, Mr. Handville testified that the documents he reviewed showed that, from 2007 until *1137 April 2014, GMAC, Wells Fargo, and their lawyers could not locate the original note. Five years after the underlying suit was filed, Deutsche Bank presented the note to Ocwen, with no explanation offered for where the "original" note had been or when and how the blank indorsement was added.
Wells Fargo also tried to establish standing by offering a copy of an unsigned PSA that supposedly included Appellants' loan. It is difficult to understand how this unexecuted document, even if properly authenticated, could establish standing or that Appellants' loan was included in the relevant trust. Wells Fargo failed to prove that this document was admissible under the business records exception because it was not created or originally maintained by Wells Fargo or Ocwen, but instead was a copy of a printout obtained from the SEC's website. See id. at 978. Thus, Wells Fargo's reliance on Deutsche Bank National Trust Co. v. Marciano , 190 So.3d 166 (Fla. 5th DCA 2016), and Bolous v. U.S. Bank National Ass'n , 210 So.3d 691 (Fla. 4th DCA 2016), is misplaced. The plaintiffs in those cases properly proved that the relevant PSAs specifically included the loans in question, which had been transferred to the respective plaintiffs prior to filing suit, and the PSAs were either properly admitted as business records or the borrower failed to object to their admittance. Here, Wells Fargo's lack of standing mandates reversal.
Furthermore, Wells Fargo did not carry its burden of proving compliance with the notice of default provisions contained in paragraph 22 of the mortgage. See Martins v. PNC Bank, Nat'l Ass'n , 170 So.3d 932, 936 (Fla. 5th DCA 2015). There was no copy of a demand letter admitted into evidence; at best, there was a copy of text maintained by GMAC that the third-party vendor should have included in a default letter. Proof that the default letter was drafted or mentioned in the company's notes is not sufficient. See Allen v. Wilmington Tr., N.A. , 216 So.3d 685, 687-88 (Fla. 2d DCA 2017). "Instead, mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt." Id. at 688. Mr. Handville was unable to testify that the default notification letter had been drafted, much less that it had been mailed first class or was actually received by Appellants. His testimony did not prove compliance with paragraph 22 of the mortgage, as he had no documentation from the third-party vendor that a default letter had been prepared or sent by any means to Appellants, and he had no knowledge about the vendor's business practices. See Edmonds v. U.S. Bank Nat'l Ass'n , 215 So.3d 628, 630 (Fla. 2d DCA 2017). Failure to comply with this condition precedent is an additional, independent ground mandating reversal of the judgment. See Figueroa v. Fed. Nat'l Mortg. Ass'n , 180 So.3d 1110, 1117 (Fla. 5th DCA 2015).
Accordingly, we reverse the judgment entered in favor of Wells Fargo and remand the case to the trial court with instructions to enter an order of involuntary dismissal. By a separate order, we grant Appellants' motion for appellate attorney's fees.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ON MOTIONS FOR REHEARING, CERTIFICATION OF CONFLICT, AND RECONSIDERATION
Appellee, Wells Fargo, filed motions for rehearing, certification of conflict, and reconsideration, in which it argues, in part, that we erred in granting Appellants' motion for attorney's fees pursuant to the mortgage and *1138 section 57.105(7), Florida Statutes (2015). Because there was a contractual relationship between the parties and Appellants are the prevailing parties, they are entitled to attorney's fees in accordance with the mortgage and section 57.105(7). As discussed in more detail below, we deny Appellee's motions concerning the award of attorney's fees to Appellants.[1] Appellee has also filed a motion for rehearing en banc, which is denied by a separate order.
Under current Florida law, the plaintiff in a mortgage foreclosure suit must prove that it has standing both at the time suit is filed and at the time of trial; failure to have standing at either time requires dismissal of the suit. See McLean v. JP Morgan Chase Bank Nat'l Ass'n , 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Appellee claimed to be the holder of the note, and thus entitled to sue. However, Appellee's proof was lacking because: (1) the copy of the note attached to the complaint was not indorsed either in blank or to Appellee; (2) Appellee and its counsel had been searching for the note for a period of years that extended beyond the initiation of this suit; and (3) the note was ultimately delivered by Deutsche Bank, who had sued Appellants and claimed to be the holder of the same note, to Appellee five years after this suit was filed, but while it was still pending. Deutsche Bank dismissed its foreclosure suit against Appellants after Appellee had filed the underlying suit. Based upon this remarkable combination of facts, we found that Appellee lacked standing when it filed suit. However, it did appear to have standing by the time of trial as a result of Deutsche Bank's unexplained delivery of the allegedly original note. Unlike the copy attached to the complaint, the "original" note bore an indorsement in blank, the timing of which was not explained.
We also determined that Appellee failed to prove that it or anyone acting on its behalf provided Appellants with notice of default and intent to accelerate, a condition precedent to foreclose. Accordingly, because of a lack of standing and a lack of proving compliance with a condition precedent, we reversed the judgment in favor of Appellee and instructed the trial court to involuntarily dismiss the case. Thus, Appellants are prevailing parties.
Appellants' mortgage had been assigned to Appellee. Like many others, the subject mortgage provides that only the lender is entitled to recover its litigation and appellate attorney's fees incurred in successful collection or foreclosure actions. See Fla. Cmty. Bank v. Red Rd. Residential, LLC , 197 So. 3d 1112, 1114 (Fla. 3d DCA 2016). "[B]y operation of law, section 57.105(7) bestows on the other party to the contract[-the borrower-]the same entitlement to prevailing party fees." Id. at 1115. Section 57.105(7) transforms a unilateral right into a reciprocal right so that all parties to the contract are entitled to recover attorney's fees upon prevailing. HFC Collection Ctr., Inc. v. Alexander , 190 So. 3d 1114, 1116 (Fla. 5th DCA 2016).
In order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove three requirements: 1) the contract provides for prevailing party fees, 2) both the movant and opponent are parties to that contract, and 3) the movant prevailed. See Nationstar Mortg. LLC v. Glass , 219 So. 3d 896, 898 (Fla. 4th DCA 2017) (en banc); Fla. Cmty. Bank , 197 So. 3d at 1115. First, as noted above, the *1139 Appellants' mortgage contains the prevailing party fee provisions. Second, by virtue of the assignment and the indorsement, Appellee joined Appellants, the original mortgagors, as parties to the contract. Third, Appellants prevailed on appeal, resulting in dismissal of the underlying lawsuit. Having satisfied all three requirements, Appellants are entitled to recover their attorney's fees and expenses from Appellee.
Conversely, section 57.105(7) cannot support an award of fees in favor of parties who are strangers to the contract or where a contract never existed. See Fla. Cmty. Bank , 197 So. 3d at 1115 (defendant whose signature was forged on mortgage cannot recover fees; not party to the contract); Bank of N.Y. Mellon v. Mestre , 159 So. 3d 953, 956-57 (Fla. 5th DCA 2015) (defendants not entitled to fees where their signatures were forged on mortgage being foreclosed because not parties to contract). Nor can section 57.105(7) be employed to impose fees on a non-party to the contract. See Bank of N.Y. Mellon Tr. Co. v. Fitzgerald , 215 So. 3d 116, 121 (Fla. 3d DCA 2017) (defendant borrowers not entitled to fees under section 57.105(7) after proving mortgage never assigned and note never delivered to plaintiff); HFC Collection Ctr., Inc. , 190 So. 3d at 1117 (defendant not entitled to fees under section 57.105(7) after proving that her credit card agreement and debt were never assigned to plaintiff.) Reciprocity under section 57.105(7) is available only when, as here, both sides are parties to the contract. Given the lack of contractual mutuality in the just-discussed cases, they do not support Appellee's position.
Appellee relies upon cases from the Fourth District Court of Appeal, which on their face stand for the proposition that a foreclosure plaintiff's lack of standing automatically forecloses application of section 57.105(7). In Glass , the fourth district broadly stated that "[a] party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the [mortgage] contract cannot recover fees based upon a [fee] provision in that same contract." 219 So. 3d at 899. The Glass opinion does not disclose whether there was or was not any contractual relationship between those parties or whether the plaintiff had standing at the time of trial; thus, we have no basis to agree or disagree with the outcome. Appellee's reference to the fourth district's decision in GMAC Mortgage, LLC v. Wallach , 231 So. 3d 3 (Fla. 4th DCA 2017), sheds no light on the subject as the two-sentence opinion does not discuss the existence vel non of any contractual relationship between the parties.
Appellee also relies upon the fourth district's opinion Christiana Trust v. Rushlow , 231 So. 3d 558 (Fla. 4th DCA 2017), in which it reversed, citing to Glass , the trial court's award of attorney's fees to defendant pursuant to section 57.105(7) after finding that plaintiff lacked standing "both at the initiation of suit and at trial." Id. at 559. Rushlow appears to be consistent with those cases in which, unlike here, there "is no contract between the parties, which would entitle one to recover attorney's fees in the first place, [thus] 'there is no basis to invoke the compelled mutuality provisions' of § 57.105(7)." HFC Collection Ctr., Inc., 190 So. 3d at 1117 (quoting Fla. Med. Ctr., Inc. v. McCoy , 657 So. 2d 1248, 1252 (Fla. 4th DCA 1995) ). Thus, we find no conflict between our decision and Rushlow .
Accordingly, Appellee's motions for rehearing, certification, and reconsideration are denied.
ORFINGER and WALLIS, JJ., concur.

Wells Fargo's complaint included a separate count to establish a lost note; however, that count was voluntarily dismissed prior to trial.

During the trial, Appellants challenged whether the "original" note and indorsement were genuine, including through expert testimony from a questioned documents expert. Mr. Handville had not seen the original note until the day of trial and could not tell if it included an original signature or was a copy created using a color ink jet printer. However, that issue was not fully developed here, and its resolution is not necessary for this decision.

We deny the balance of Appellee's motions for rehearing, certification of conflict, and reconsideration. In its motions, Appellee has improperly re-argued its case and has taken literary license with the facts established by the record, conduct that may result in the imposition of sanctions in the future if counsel chooses to repeat this behavior. See Boardwalk at Daytona Dev., LLC v. Paspalakis , 212 So. 3d 1063 (Fla. 5th DCA 2017).