DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2006-QS6,**
Appellant,

v.

**TERRI P. PAGE, et al.,**
Appellees.

No. 4D18-816

[June 12, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE0966227.

Kimberly Held Israel and William L. Grimsley of McGlinchey Stafford, Jacksonville, for appellant.

Nicole R. Moskowitz of Neustein Law Group, P.A., Aventura, for appellee, Terri P. Page.

***En Banc***[1]

MAY, J.

The bank appeals an order awarding attorney's fees to the borrower following an involuntary dismissal of its foreclosure action. It argues the borrower is not entitled to attorney's fees after it prevailed on its standing defense. We agree and reverse.

The bank filed a foreclosure action. The borrower filed an answer and asserted the note and mortgage were void and unenforceable and the bank lacked standing. The case proceeded to trial.

At trial, the borrower argued the bank lacked standing because the note attached to the original complaint contained no endorsements, the endorsements on the note attached to the amended complaints did not contain dates, and the evidence failed to prove it had standing at the

---

[1] We decide this case en banc because it involves an issue of exceptional importance. Fla. R. App. P. 9.331(a).

inception of the action. The bank responded that it had standing because it possessed the note at the time it filed the complaint.

The trial court granted the borrower's motion for involuntary dismissal.[2] It noted the original complaint contained a note with no endorsements and that a successful transfer to a holder requires "evidence of it other than three year later appearing endorsements." It found no standing at the inception of the action even though the bank had established standing at trial. The bank appealed the involuntary dismissal. We affirmed without opinion. *Deutsche Bank Tr. Co. Americas v. Page*, 214 So. 3d 674 (Fla. 4th DCA 2016).

The borrower then moved for attorney's fees, arguing she prevailed in the action and the note and mortgage provided for attorney's fees. Pursuant to section 57.105(7), Florida Statutes (2017), she argued entitlement to attorney's fees. The trial court granted the borrower's motion and reserved jurisdiction to determine the amount.

Over a year later, the bank moved for reconsideration of the order granting attorney's fees and costs. It argued that since the borrower prevailed in its "lack of standing" argument, the borrower was not entitled to an attorney's fees award. The trial court denied the bank's motion.

The trial court awarded the borrower $52,294 in attorney's fees. From this final judgment, the bank now appeals.

The bank argues the borrower is not entitled to attorney's fees because the involuntary dismissal was based on the borrower's "lack of standing" defense. It further argues the borrower cannot take an inconsistent position and now argue entitlement to attorney's fees under the very contract upon which the bank failed to prove standing.

The borrower responds that this case is similar to *Madl v. Wells Fargo Bank, N.A.,* 244 So. 3d 1134 (Fla. 5th DCA 2017) and *Harris v. Bank of New York Mellon*, 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018).[3] In

---

[2] The trial court also found the default letter defective.

[3] The Second District certified conflict with *Nationstar Mortgage LLC v. Glass,* 219 So. 3d 896 (Fla. 4th DCA 2017), *review granted,* SC17-1387, 2018 WL 2069328 (Fla. Feb. 13, 2018), *and review dismissed as improvidently granted,* 44 Fla. L. Weekly S148 (Fla. Apr. 18, 2019), *reh'g stricken,* SC17-1387, 2019 WL 1986842 (Fla. May 6, 2019) and *Bank of New York Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116 (Fla. 3d DCA 2017).

those cases, the Fifth and Second Districts held that regardless of the borrower prevailing on a "lack of standing" defense, because there was proof of a contract between the parties at the time of trial, the borrower is entitled to fees. We disagree.

"[W]hen entitlement of attorney's fees is based on the interpretation of contractual provisions . . . or a statute . . . the appellate court undertakes a de novo review." *Wells Fargo Bank Nat'l Ass'n v. Bird*, 234 So. 3d 833, 834 (Fla. 5th DCA 2018).

Florida follows the "American Rule," which dictates that attorney's fees are only awarded if authorized by contract or statute. *Glass*, 219 So. 3d at 897.

Under section 57.105(7), "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." § 57.105, Fla. Stat. (2017).

"[W]here a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract." *Glass*, 219 So. 3d at 898. Here, that is precisely what happened. The borrower prevailed when the bank failed to prove standing at the inception of the action notwithstanding that it proved standing at the time of trial. The borrower cannot now rely upon the same contract for an award of attorney's fees.

Both the Fifth and Second Districts reached their holdings in *Madl* and *Harris* by relying upon the existence of a contract between the bank and the borrower notwithstanding the bank's failure to prove standing in the foreclosure action. We decline to go down that rabbit hole.

Here, the borrower prevailed due to the bank's failure to prove standing at the inception of the foreclosure action even though it established standing at the time of trial. The borrower cannot have it both ways. If the borrower prevails on its "lack of standing" defense, it cannot rely on the contract to obtain attorney's fees.[4]

We adhere to our precedent in *Glass* and state our holding simply:

---

[4] Because of our holding, we need not address the bank's jurisdictional argument.

NO STANDING = NO ATTORNEY'S FEES

We certify conflict with *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134 (Fla. 5th DCA 2017) and *Harris v. Bank of New York Mellon*, 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018).

*Reversed.*

GERBER, C.J., WARNER, GROSS, TAYLOR, DAMOORGIAN, LEVINE, CIKLIN, CONNER, FORST, KLINGENSMITH, and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***