# Supreme Court of Florida

_____

No. SC19-1137
_____

**TERRI P. PAGE,**
Petitioner,

vs.

**DEUTSCHE BANK TRUST COMPANY AMERICAS, etc., et al.,**
Respondents.

December 31, 2020

CANADY, C.J.

The certified conflict issue in this case is whether a unilateral attorney's fee provision in a note and mortgage is made reciprocal to a borrower under section 57.105(7), Florida Statutes (2019), when the borrower prevails in a foreclosure action in which the plaintiff bank established standing to enforce the note and mortgage at the time of trial but not at the time suit was filed. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

Section 57.105(7) provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or

defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

We have for review *Deutsche Bank Trust Company Americas v. Page*, 274 So. 3d 1116 (Fla. 4th DCA 2019), in which the Fourth District Court of Appeal en banc unanimously held that a borrower who successfully argues that the bank lacked standing at the time suit was filed "cannot rely on the contract to obtain attorney's fees" under section 57.105(7). *Id.* at 1119. Adhering to its earlier en banc decision in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), *review dismissed*, 268 So. 3d 676 (Fla. 2019), the Fourth District unequivocally summed up: "NO STANDING = NO ATTORNEY'S FEES." *Page*, 274 So. 3d at 1119.

The Fourth District in *Page* certified conflict with the Fifth District Court of Appeal's decision in *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134 (Fla. 5th DCA 2017), and the Second District Court of Appeal's decision in *Harris v. Bank of New York Mellon*, 44 Fla. L. Weekly D141, 2018 WL 6816177 (Fla. 2d DCA Dec. 28, 2018), both of which held that a borrower who successfully argues "lack of standing" can be awarded fees under section 57.105(7) if it is otherwise established that the plaintiff became subject to the unilateral fee provision in the contract.

Applying the text of the statute to the facts in these three cases, we conclude that the borrowers are eligible to recover reciprocal fees under the statute. In each

case, the contract provided for attorney's fees for a party when that party "is required to take any action to enforce the contract," § 57.105(7), Fla. Stat., and in both cases the borrower "prevail[ed] in an[] action . . . with respect to the contract," *id.* Because the statutory conditions were met, we quash *Page* and approve *Madl* and *Harris*.

## BACKGROUND

In 2006, Petitioner, Terri Page—the defendant below—executed a promissory note payable to, and a mortgage in favor of, National City Mortgage Company. Both the note and mortgage contained a unilateral attorney's fee provision in favor of National City Mortgage. After Page allegedly defaulted, the underlying foreclosure action was filed on December 9, 2009, not by National City Mortgage but by Respondent, Deutsche Bank Trust Company Americas, as Trustee RALI 2006-QS6 ("the Bank"). Because the note attached to the Bank's complaint was payable to National City Mortgage and was not endorsed, Page moved to dismiss the complaint, principally arguing that the Bank lacked "standing to foreclose." The Bank later amended its complaint, this time attaching a note containing three undated endorsements, the last of which was to the Bank. The Bank also attached an assignment of mortgage purporting to retroactively assign the mortgage to the Bank as of November 2009. Page again moved to dismiss, arguing in relevant part that the Bank lacked standing. In September 2014, the

- 3 -

Bank then filed a second amended complaint, again attaching the note containing the three undated endorsements. Page eventually filed an answer in which she asserted among other things that all conditions precedent had not taken place and that the Bank lacked standing. On the latter point, Page argued in part that the note was not endorsed at the time of the filing of the action.

In February 2015, the matter proceeded to trial, at which the Bank was ultimately unable to offer any evidence establishing when it became the holder of the endorsed note. After the Bank rested its case, Page moved for involuntary dismissal on multiple grounds. The trial court eventually granted Page's motion on two independent grounds: a deficient default letter and the Bank's lack of standing at the time suit was filed. The trial court also reserved jurisdiction to award attorney's fees.

After the Bank appealed the dismissal order, Page filed with the trial court a motion for attorney's fees, alleging that she was the prevailing party and that the note and mortgage provided for an award of fees. The trial court reserved ruling on Page's motion pending disposition of the Bank's appeal. On July 7, 2016, the Fourth District per curiam affirmed without opinion the dismissal order while awarding appellate attorney's fees to Page. After the mandate from the Fourth District issued, the trial court granted Page's outstanding motion and issued a final judgment awarding her fees. The Bank then appealed the fee award.

- 4 -

On appeal of the fee award, the Bank presented to the Fourth District the following two arguments: (1) that section 57.105(7) did not support an award of fees to Page, given that she "prevailed on the argument that the Bank was not entitled to enforce the contract against her;" and (2) "Because the Bank was found to lack standing, the trial court did not have jurisdiction to award attorney's fees to [Page]." In her answer brief, Page—while ignoring the independent dismissal ground involving the deficient default letter—argued in relevant part that *Madl* was "directly on point" in that an endorsed note was presented at trial and the borrower was awarded fees under section 57.105(7). She also argued that the Bank waived its jurisdictional argument and that the trial court nevertheless had jurisdiction.

The Fourth District en banc unanimously reversed the fee award, agreeing with the Bank that a borrower "is not entitled to attorney's fees after it prevailed on its standing defense." *Page*, 274 So. 3d at 1117. As a result, the Fourth District declined to "address the bank's jurisdictional argument." *Id.* at 1119 n.4. In reaching its decision, the Fourth District rejected *Madl* and *Harris* and instead adhered to its earlier decision in *Glass*, explaining:

> "[W]here a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract." *Glass*, 219 So. 3d at 898. Here, that is precisely what happened. The borrower prevailed when the bank failed to prove standing at the inception of the action notwithstanding that it proved standing at the time of trial. The borrower cannot now rely upon the same contract for an award of attorney's fees.

Both the Fifth and Second Districts reached their holdings in *Madl* and *Harris* by relying upon the existence of a contract between the bank and the borrower notwithstanding the bank's failure to prove standing in the foreclosure action. We decline to go down that rabbit hole.

Here, the borrower prevailed due to the bank's failure to prove standing at the inception of the foreclosure action even though it established standing at the time of trial. The borrower cannot have it both ways. If the borrower prevails on its "lack of standing" defense, it cannot rely on the contract to obtain attorney's fees.

We adhere to our precedent in *Glass* and state our holding simply:

NO STANDING = NO ATTORNEY'S FEES

*Id.* at 1118-19 (alteration in original) (footnote omitted). The Fourth District then

certified conflict with *Madl* and *Harris*. *Id.* at 1119.

**The Fourth District's earlier decision in *Glass***

In *Glass*, the Fourth District en banc unanimously held that the borrower

who prevailed by arguing lack of standing was ineligible for appellate attorney's

fees under section 57.105(7). 219 So. 3d at 897-98. *Glass* initially concluded that

the statute "has two requirements. First, the party must have prevailed. Second,

the party had to be a party to the contract containing the fee provision." *Id.* at 898.

But in then denying fees to the borrower, *Glass* seemingly added additional

requirements or applied judicial estoppel, reasoning that "where a party prevails by

arguing the plaintiff failed to establish it had the right pursuant to the contract to

bring the action, the party cannot simultaneously seek to take advantage of a fee

provision in that same contract." *Id.* Citing cases standing for the proposition that

- 6 -

section 57.105(7) cannot be invoked absent a contract between the litigating parties, *Glass* ultimately held that "where the foreclosing plaintiff does not establish its right to enforce the mortgage note at the time of the filing of the suit, there is no ability to enforce the terms of the note, including the provision regarding attorney's fees." *Id.*

The borrower in *Glass* then sought this Court's discretionary review of the Fourth District's decision. This Court initially granted review and issued an opinion quashing *Glass* before later withdrawing that opinion and discharging jurisdiction as having been improvidently granted. *See Glass v. Nationstar Mortg., LLC*, 268 So. 3d 676 (Fla. 2019).

**The Certified Conflict Cases—*Madl* and *Harris***

In *Madl*, the borrowers prevailed on appeal in the underlying foreclosure action in part on the ground that the bank "failed to prove that it had standing." 244 So. 3d at 1135. The Fifth District then granted the borrowers' motion for appellate attorney's fees "pursuant to the mortgage and section 57.105(7)," reasoning that "there was a contractual relationship between the parties and [the borrowers] are the prevailing parties." *Id.* at 1137-38. As proof of the contractual relationship, the Fifth District looked to an assignment, *id.* at 1135, and to an endorsed note produced after the complaint was filed, *id.* at 1136-37. The Fifth District cited *Glass* in setting forth three requirements of section 57.105(7),

- 7 -

including that the parties to the suit must be parties to the contract, but the Fifth

District explained why the borrowers satisfied those requirements:

> In order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove three requirements: 1) the contract provides for prevailing party fees, 2) both the movant and opponent are parties to that contract, and 3) the movant prevailed. *See Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 898 (Fla. 4th DCA 2017) (en banc); *Fla. Cmty. Bank*, 197 So. 3d at 1115. First, as noted above, the Appellants' mortgage contains the prevailing party fee provisions. Second, by virtue of the assignment and the indorsement, Appellee joined Appellants, the original mortgagors, as parties to the contract. Third, Appellants prevailed on appeal, resulting in dismissal of the underlying lawsuit. Having satisfied all three requirements, Appellants are entitled to recover their attorney's fees and expenses from Appellee.
> Conversely, section 57.105(7) cannot support an award of fees in favor of parties who are strangers to the contract or where a contract never existed. Nor can section 57.105(7) be employed to impose fees on a non-party to the contract.

*Id.* at 1138-39 (citations omitted). And *Madl* distinguished *Glass* on the ground

that *Glass* did "not disclose whether there was or was not any contractual

relationship between th[e] parties or whether the plaintiff had standing at the time

of trial." *Id.* at 1139.

In *Harris*, the Second District expressly relied on *Madl* in reversing the trial

court's denial of the prevailing borrower's "motion to recover fees under the

mortgage contract and section 57.105(7)." *Harris*, 44 Fla. L. Weekly at D142.

The Second District explained that although the borrower prevailed on the ground

that "the [bank] failed to prove its standing as the holder of the note at the

inception of the action," the borrower was nevertheless eligible for fees "[b]ecause record evidence established that there was a contractual relationship between the parties and because [the borrower] was the prevailing party below." *Id.* As in *Madl*, the Second District cited *Glass* before holding that the statutory requirements were satisfied. *Id.* at D142-43. The Second District explained:

> The instant case is on point with *Madl*. Here, the Trust failed to prove that it had standing at the time it filed the lawsuit. Nevertheless, the record demonstrates that the note and mortgage were assigned to the Trust in 2012. As such, the Trust became a party to the mortgage contract and was subject to the fee provision therein. And the requirements of section 57.105(7) are satisfied where it can be established that the prevailing party and its opponent are both parties to a contract that contains a prevailing party fee provision.

*Id.* at D143. After distinguishing cases in which "the evidence demonstrated that no contractual relationship existed between the parties," the Second District reasoned that "an involuntary dismissal based upon lack of proof of standing" was "fundamentally different than a dismissal based upon a party affirmatively proving that the plaintiff is not a party to the contract." *Id.* Lastly, the Second District "address[ed] the inequity of denying a prevailing party attorney's fees" to the borrower, reasoning that there were "many other scenarios in which [the borrower] could have prevailed and recovered his attorney's fees," including if the bank "had voluntarily dismissed the lawsuit." *Id.*

# ANALYSIS

To resolve the certified conflict, we must determine whether a unilateral attorney's fee provision in a contract is made reciprocal to a borrower under section 57.105(7) when the borrower prevails in a foreclosure action in which the plaintiff establishes standing at the time of trial but not at the time suit was filed. Because the conflict "presents an issue of statutory construction," our review is de novo. *Lieupo v. Simon's Trucking, Inc.*, 286 So. 3d 143, 145 n.2 (Fla. 2019).

In interpreting statutory language, we of course "begin[] with the language of the statute." *Id.* at 145. As we recently explained, we "adhere to the 'supremacy-of-text principle': 'The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " *Advisory Op. to Governor re Implementation of Amendment 4, the Voting Restoration Amendment*, 288 So. 3d 1070, 1078 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). We thus strive to determine the text's objective meaning through "the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued." Scalia & Garner, *Reading Law* at 33.

Here, we conclude that section 57.105(7)'s plain meaning to a reasonable reader supports the result sought by Page and the decisions reached in *Madl* and

*Harris*.  Because "the words of [the] statute are unambiguous," we need only resort to what Justice Thomas has described as the "one, cardinal canon [of construction] before all others"—that is, we "presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  Various other canons offered by the Bank and certain amicus groups thus have no place in our consideration of the narrow issue before us.

### Section 57.105(7), Florida Statutes

Section 57.105(7) provides, in relevant part:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

The statute contains two clauses, the first of which addresses the existence of a fee provision in the underlying contract, and the second of which addresses the requisite prevailing in an "action . . . with respect to the contract."  The conditions in both statutory clauses must be satisfied before fees may be awarded.  Here, they are satisfied.

The first clause requires the existence of "a contract [that] contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract."  § 57.105(7), Fla. Stat.  This question is about what

appears in the contract. Here, it is beyond dispute that the contract contains a unilateral fee "provision" as contemplated by the statute. But as *Madl* and *Harris* recognized—as did the Fourth District—the statutory language also requires that the plaintiff and defendant not be strangers to the contract. We agree. Our agreement with the district courts, however, does not help the Bank. Here, the record clearly establishes that Page and the Bank were not strangers to the contract. The record shows that the contract was entered into by Page and the originating lender, that the Bank claimed the right to enforce and sought to be awarded fees under the contract, and that the Bank—on some day uncertain—succeeded to the rights of the originating lender. Indeed, the Fourth District itself recognized that the Bank "proved standing at the time of trial." *Page*, 274 So. 3d at 1119. What the record is missing, however, is proof by the Bank that it possessed the right to enforce the contract on the day it filed suit. But a dismissal predicated on that failure of proof is not an adjudication "that no contractual relationship existed between the parties." *Harris*, 44 Fla. L. Weekly at D143. Nor is it an adjudication that the contract was nonexistent. Here, the evidence established the contractual relationship between the parties, and the contract contains the requisite provision. The first clause of the statute requires nothing more.

The second clause of the statute requires that "the other party" must "prevail[] in any action, whether as plaintiff or defendant, with respect to the

- 12 -

contract." § 57.105(7), Fla. Stat. Here, Page is without question "the other party" contemplated by the statute. And she "prevail[ed] in an[] action" that can only be said to be "with respect to the contract." Indeed, she successfully defended against an action to enforce the contract. The second condition of the statute is plainly satisfied. The Bank does not suggest otherwise.

Rather than applying the statutory text in this straightforward manner, as *Madl* and *Harris* effectively did, the Fourth District instead saw a "rabbit hole." *Page*, 274 So. 3d at 1119. Although somewhat unclear from its analysis and reliance on *Glass*, the Fourth District in *Page* either (1) held that section 57.105(7) is unavailable unless the contract is shown to be enforceable by both parties to the litigation on the day suit is filed, or (2) sub silentio applied the doctrine of judicial estoppel. Either way, we reject the Fourth District's reasoning.

To the extent the Fourth District read section 57.105(7) as requiring contract enforceability by both parties on the day suit is filed, the Fourth District erroneously added words to the statute "that were not placed there by the Legislature." *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999). Section 57.105(7) does use the word "enforce," but that word is found in the statute's first clause—the clause that looks to whether the contract contains "a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract." § 57.105(7), Fla. Stat. There is simply no basis in the statutory text on

- 13 -

which to conclude that a contract containing the requisite provision must be shown to be mutually enforceable on the day suit is filed. The Fourth District's failure to identify any such statutory language is thus not surprising.

To the extent the Fourth District instead judicially estopped Page on the ground that because she prevailed on her initial "lack of standing" position, she could not then "have it both ways" by taking the supposedly inconsistent position of "rely[ing] on the contract to obtain attorney's fees," *Page*, 274 So. 3d at 1119, we conclude that the Fourth District applied the doctrine in error. As we have explained, "Judicial estoppel is an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001) (quoting *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998)). Here, as an initial matter, the equities hardly weigh in favor of estopping Page. Indeed, the Bank brought the type of case—one in which a foreclosing plaintiff fails "to appropriately investigate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate"—that we have recognized results in "the wasting of judicial

- 14 -

resources and harm to defendants." *In re Amendments to the Fla. Rules of Civil Procedure*, 44 So. 3d 555, 556 (Fla. 2010).[1]

But more importantly, we do not view as irreconcilable the position on which Page prevailed—i.e., that the Bank failed to prove standing on the day suit was filed—and her subsequent position that she is eligible for fees under section 57.105(7). There was no adjudication that the note and mortgage never existed or that the Bank never acquired the right to enforce the note and mortgage. The Bank simply failed to carry its burden of proving it was the holder of the endorsed note at the time suit was filed. Judicial estoppel has no application here.

The Bank argues in the alternative that even if we do not approve *Page*, the trial court nevertheless lacked "subject-matter jurisdiction" to award fees. At the heart of the Bank's argument is the assertion that "standing is a component of subject-matter jurisdiction" and that the trial court "erred by taking any further action" beyond dismissing the case. We reject the Bank's argument.

The Bank waived its jurisdictional argument by waiting until the appeal of the fee award to first raise the issue. Subject-matter jurisdiction is universally acknowledged to never be waivable. *See, e.g.*, *United States v. Cotton*, 535 U.S.

---

1. The rule that a failure to establish standing at the inception of the foreclosure action cannot be cured by establishing standing subsequently in the litigation is, of course, not at issue in this case. And we therefore have no occasion to address the soundness of that rule.

625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."). But this Court has held that the issue of standing is a waivable defense. *See Krivanek v. Take Back Tampa Political Comm.*, 625 So. 2d 840, 842 (Fla. 1993). And if standing is waivable, then standing is obviously not "a component of subject-matter jurisdiction." The Bank's foundational assertion is thus incorrect. *See Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 801 n.3 (Fla. 2003) ("Jurisdiction is a broad term that includes several concepts, each with its own legal significance."). And the Bank offers no other explanation for why its argument should be considered timely.

## CONCLUSION

We conclude that the unilateral fee provisions in the contracts at issue are made reciprocal to the prevailing borrowers under section 57.105(7). Accordingly, we quash *Page* and approve *Madl* and *Harris*.

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
GROSSHANS, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified
Direct Conflict of Decisions

Fourth District - Case No. 4D18-816

(Broward County)

- 16 -

Nicole R. Moskowitz of Neustein Law Group, P.A., Aventura, Florida,

for Petitioner

William L. Grimsley and Kimberly Held Israel, Jacksonville, Florida, and Peter J. Maskow of McGlinchey Stafford, Fort Lauderdale, Florida,

for Respondent

Michael Wrubel of Michael Jay Wrubel, P.A., Davie, Florida,

for Amici Curiae Daniel Alvarado, Elia Alvarado, South Florida Defense Group, and Michael Jay Wrubel, P.A.

Jonathan H. Kline and Joseph G. Paggi III of Jonathan Kline, P.A., Weston, Florida,

for Amici Curiae Farshadi Faramarz and Jonathan Kline, P.A.

Peter Ticktin, Kendrick Almaguer, and Jamie Alan Sasson of Ticktin Law Group, Deerfield Beach, Florida,

for Amicus Curiae The Ticktin Law Group

Beau Bowin of Bowin Law Group, Indialantic, Florida,

for Amicus Curiae Bowin Law Group