DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK WATERS,**
Appellant,

v.

**WILMINGTON TRUST, NATIONAL ASSOCIATION**, not in its individual capacity but as Trustee for **ARLP SECURITIZATION TRUST SERIES** 2015-1, as party plaintiff for **U.S. BANK NATIONAL ASSOCIATION**, as trustee for the benefit of the Holders of SerVertis Fund I Trust 2008-1 Certificates, Series 2008-1 acting by and through Green Tree Servicing LLC, in its capacity as Servicer,
Appellee.

No. 4D20-397

[May 26, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 50-2011-CA-005018-XXXX-MB.

Kendrick Almaguer, Peter Ticktin, Michael Vater and Toni A. Jean of The Ticktin Law Group, Deerfield Beach, for appellant.

Adam A. Diaz and Roy A. Diaz of Diaz Anselmo & Associates P.A., Fort Lauderdale, and Thomas E. Rossin of Burr & Lemme, PLLC, West Palm Beach, for appellee.

PER CURIAM.

Appellant Frank Waters appeals the trial court's order denying his motion for attorney's fees pursuant to our dismissal of the underlying foreclosure case in *Waters v. Wilmington Trust, National Association for ARLP Securitization Trust Series 2015-1*, 268 So. 3d 722 (Fla. 4th DCA 2018). The issue on appeal concerns Appellant's entitlement to trial court attorney's fees under section 57.105(7), Florida Statutes (2019), in a foreclosure action where the homeowner successfully defended against the foreclosure based on a lack of standing defense. We previously granted Appellant's motion to stay the appeal pending the Florida Supreme Court's review of our opinion in *Deutsche Bank Trust Co. Americas v. Page*, 274 So. 3d 1116 (Fla. 4th DCA 2019).

In *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2020), the Florida Supreme Court quashed our *Page* decision, holding that a mortgagor who prevailed in a foreclosure action based on the trustee's lack of standing at the time the latter filed the action was entitled to an award of attorney's fees. *Id.* at 954, 961. Following this decision, we lifted the stay in the instant case.

Subsequently, Appellee Wilmington Trust filed a confession of error. Appellee acknowledged that Appellant's mortgage provided for prevailing party attorney's fees and that, based on the Florida Supreme Court's holding in *Page*, Appellant was therefore entitled to the attorney's fees he incurred while successfully defending the lower tribunal foreclosure action.

Accordingly, we remand the matter to the trial court with instructions to vacate the order denying Appellant's motion and to determine the appropriate amount of attorney's fees.

*Reversed and remanded for further proceedings.*

DAMOORGIAN, CONNER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***