# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ARLENE GHENT** a/k/a **ARLENE R. GHENT**
and **DAVID M. HENRY,**
Appellants,

v.

**HSBC MORTGAGE SERVICES, INC.,**
Appellee.

No. 4D17-2187

[June 30, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 56-2013-CA-001095.

Thomas Eross, Jr., Peter Ticktin and Kendrick Almaguer of The Ticktin Law Group, P.L.L.C., Deerfield Beach, for appellants.

David Rosenberg, Cynthia L. Comras and Jarrett Cooper of Robertson, Anschutz & Schneid, P.L., Boca Raton, for appellee.

### *ON REMAND FROM THE FLORIDA SUPREME COURT*

PER CURIAM.

This case has been remanded by our supreme court for further reconsideration after quashing our decision in *Ghent v. HSBC Mortgage Services, Inc.*, 259 So. 3d 883 (Fla. 4th DCA 2018). Our prior decision affirmed the trial court's denial of attorney's fees in this foreclosure proceeding. *Id.* As directed, we proceed with reconsideration of the appeal in light of *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2020). Considering *Page*, we reverse the trial court's order denying attorney's fees and remand for further proceedings.[1]

---

[1] We note that the supreme court did not quash our original opinion remanding the case to the trial court to determine the amount of costs to be awarded.

After the initial presentation of evidence at the nonjury trial, the trial court granted the borrowers' motion for involuntary dismissal. The borrowers subsequently moved to tax costs and attorney's fees, pursuant to the terms of the note and mortgage and section 57.105(7), Florida Statutes (2016). The trial court granted the motion. The bank moved for reconsideration, citing to several then-applicable cases, including this Court's decision in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017). The motion for reconsideration was heard by a successor judge who rotated into the division after the motion for reconsideration was filed. The successor judge noted that the previous judge did not have the benefit of *Glass* when the motion to tax costs and fees was initially granted. Relying on *Glass*, the successor judge granted the bank's motion for reconsideration.

The successor judge then entered an order denying the borrowers' motion to tax costs and fees, citing *Glass* and finding that "[a] stranger to the contract cannot recover attorney's fees based on the contract," referencing the previous judge's prior order granting involuntary dismissal for failure to prove standing at the inception of the suit.

Our previous opinion affirming the denial of fees relied on *Glass*. *Ghent*, 259 So. 3d at 883-84. However, our supreme court recently abrogated *Glass* in *Page*. 308 So. 3d at 959-60. Thus, the *Page* decision now dictates the resolution of the instant case and requires that we reverse the trial court's denial of fees.

In *Page*, our supreme court interpreted section 57.105(7) to require two conditions for the award of attorney's fees: (1) "the existence of 'a contract [that] contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract[;]'" and (2) "that 'the other party' must 'prevail[ ] in any action, whether as plaintiff or defendant, with respect to the contract.'" *Id.* at 959 (first and third alterations in original) (quoting § 57.105(7), Fla. Stat.).

As to the first condition, our supreme court explained that the parties cannot "be strangers to the contract." *Id.* However, it determined that the borrower and the bank were not strangers to the contract where:

> The record shows that the contract was entered into by [the borrower] and the originating lender, that the [b]ank claimed the right to enforce and sought to be awarded fees under the contract, and that the [b]ank—on some day uncertain— succeeded to the rights of the originating lender.

2

*Id.* The exact same scenario occurred in the instant case — although U.S. Bank, as the subsequent plaintiff, proved that it had standing at trial,[2] the evidence missing in the case is the same that was missing in *Page* — proof that the bank that filed the suit possessed the right to enforce the contract on the day the suit was filed. *See id.* As our supreme court stated in *Page*, the failure to prove standing at the inception of suit does not prevent the borrowers from proving that the first condition of section 57.105(7) was satisfied:

> But a dismissal predicated on that failure of proof is not an adjudication "that no contractual relationship existed between the parties." [*Harris v. Bank of N.Y. Mellon*, 311 So. 3d 66, 71 (Fla. 2d DCA 2018)]. Nor is it an adjudication that the contract was nonexistent. Here, the evidence established the contractual relationship between the parties, and the contract contains the requisite provision. The first [condition of section 57.105(7)] requires nothing more.

*Id.* Therefore, the first condition was met in the instant case.

It is also clear in this case that the borrowers satisfied the second condition required by section 57.105(7), as they "successfully defended against an action to enforce the contract." *Id.*

Notably, in *Page*, our supreme court also stated that there is no basis in section 57.105(7) "on which to conclude that a contract containing the requisite provision must be shown to be mutually enforceable on the day suit is filed." *Id.* at 960. It also found that judicial estoppel should not be applied to facts such as those that occurred in the instant case. *Id.*

Therefore, we reverse the trial court's order denying the borrowers' motion for attorney's fees, and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GROSS, MAY and CONNER, JJ. concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] U.S. Bank entered the blank endorsed note at trial. *See* §§ 673.3011(1), 671.201(21)(a), Fla. Stat. (2016).