DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SARAH BLYTH** and **JOSEPH GUARACINO,**
Appellants,

v.

**OCWEN LOAN SERVICING, LLC,**
Appellee.

No. 4D20-537

[August 18, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. CACE 14-6149(11).

F. Scott Fistel of the Fistel Law Group, P.A., Fort Lauderdale, for appellants.

Adam G. Schwartz of Fox McCluskey Bush Robison PLLC, Stuart, for appellee.

PER CURIAM.

Appellants challenge the trial court's order denying their entitlement to attorney's fees after they prevailed in appellee's foreclosure action against them on the grounds that appellee did not have standing to foreclose under the mortgage and note. We reverse on the authority of *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2020).

In *Page*, the court construed section 57.105(7), Florida Statutes (2019), which allows for a reciprocal award of prevailing party attorney's fees. The statute requires in the first clause "the existence of 'a contract [that] contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract.'" *Id.* at 959 (citing § 57.105(7), Fla. Stat.). And "the statutory language [of section 57.105(7)] also requires that the plaintiff and defendant not be strangers to the contract." *Id.* The statute requires in the second clause that the party must prevail. *Id.*

Here, the mortgage and note upon which appellee filed suit to foreclose contained an attorney's fees provision. Appellants prevailed in the action when appellee, who obtained its position by assignment, failed to prove standing.

Moreover, the parties in this case are not strangers to the contract. While appellee claims that it was not a party to the note, because it was never assigned the note, it sued on both the note and mortgage and represented in its complaint that it was entitled to enforce the note and held the note. It also sought to establish a lost note, stating that it had acquired the note. Both the note and mortgage contained an attorney's fee provision. Even if appellee had not been assigned the note, appellants would still be entitled to fees under section 57.105(7), because of the fee provision in the mortgage. *See Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134 (Fla. 5th DCA 2017), *and Harris v. Bank of N.Y. Mellon*, 311 So. 3d 66 (Fla. 2d DCA 2018), *approved in Page*, 308 So. 2d at 961. Pursuant to *Page*, appellants are entitled to their prevailing party attorney's fees.

*Reversed and remanded for further proceedings.*

CONNER, C.J., WARNER and GROSS, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2