DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE TORRES,**
Appellant,

v.

**BANK OF NEW YORK** As Trustee For **THE CERTIFICATE HOLDERS CWABS, INC. ASSET BACKED CERTIFICATES SERIES 2006-26,**
Appellee.

No. 4D17-1625

[September 8, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 07-026252 CACE (14).

Kendrick Almaguer and Peter Ticktin of The Ticktin Law Group, P.L.L.C., Deerfield Beach, for appellant.

J. Kirby McDonough of Quarles & Brady, LLP, Tampa, for appellee.

### *ON REMAND FROM THE FLORIDA SUPREME COURT*

PER CURIAM.

In *Torres v. Bank of New York*, No. SC18-1617, 2021 WL 2182368 (Fla. May 28, 2021), the Florida Supreme Court quashed this court's decision in *Torres v. Bank of New York as Trustee for Certificate Holders CWABS, Inc. Asset Backed Certificates Series 2006-26*, 252 So. 3d 274 (Fla. 4th DCA 2018), and remanded the case for reconsideration in light of its decision in *Page v. Deutsche Bank Trust Company Americas*, 308 So. 3d 953 (Fla. 2020). We reverse.

In the foreclosure proceedings below, the trial court granted the homeowner's motion for involuntary dismissal because the plaintiff bank failed to prove standing. The homeowner moved for attorneys' fees pursuant to a unilateral attorneys' fees provision in a contract and section 57.105(7), Florida Statutes (2017), which provides in relevant part that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may

also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." The trial court denied the homeowner's motion for attorneys' fees and costs based on *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896, 899 (Fla. 4th DCA 2017), in which we held, "A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract." On appeal, we affirmed the denial of attorneys' fees based on *Glass*, but we reversed the denial of costs. *Torres*, 252 So. 3d at 274.

In *Page*, 308 So. 3d at 954-55, the Florida Supreme Court abrogated this court's opinion in *Glass*, and it also quashed our holding in *Deutsche Bank Trust Company Americas v. Page*, 274 So. 3d 1116, 1119 (Fla. 4th DCA 2019), that "NO STANDING = NO ATTORNEY'S FEES." Applying section 57.105(7), the supreme court held that where the parties are not strangers to the contract, there is a contract provision allowing for attorneys' fees to a party who takes action to enforce the contract, and the other party prevails, the other party is not precluded from obtaining an award of attorneys' fees merely because it prevailed on an argument that the bank failed to prove the existence of standing at the time suit was filed. *Page*, 308 So. 3d at 959-60.

We now reconsider the case at hand. Applying *Page*, first, the record establishes that the parties are not strangers to the contract; the homeowner concedes that he executed the subject note, and the bank proved that it had standing at the time of trial by presenting the blank-indorsed note. Second, the contract at hand contains a provision allowing the bank to recover attorneys' fees: "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this [paragraph], including, but not limited to, reasonable attorneys' fees . . . ." Third, since the homeowner's motion for involuntary dismissal was granted, the homeowner prevailed. These conditions having been met, we conclude that the trial court erred by denying the motion for attorneys' fees.

We likewise reverse the trial court's denial of costs. Florida Rule of Civil Procedure 1.420 provides in relevant part, "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs." Fla. R. Civ. P. 1.420(d); *see also* § 57.041(1), Fla. Stat. (2017) ("The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment . . . ."). Because the case was involuntarily dismissed, the homeowner is entitled to taxable costs as

authorized by the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions.

Consequently, we reverse and remand for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part.*

GROSS, CIKLIN and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***